### In re WEST.
### No. 111.

District Court, S. D. Iowa, Ottumwa Division.
Feb. 11, 1935.

Jno. F. Abegglen, of Albia, Iowa, for debtor.

F. P. Falvey, of Albia, Iowa, for creditor.

DEWEY, District Judge.

The above-entitled cause came on for hearing in open court at Des Moines, Iowa, on the 9th day of February, 1935, on a recommendation of D. W. Clark, Conciliation Commissioner for Monroe County, Iowa, to confirm an offer of composition by the debtor. The report of the commissioner recites that the debtor has filed with the conciliation commissioner his application for confirmation, but I do not find such an application within the files.

I do find in the files a proposal of the debtor filed with the conciliation commissioner on November 22, 1934, wherein the debtor proposes to pay to each of his creditors 1 per cent. of their respective claims in cash, or, in the alternative, to pay at the end of ten years 10 per cent. of the respective claims of his creditors, each creditor to take at the present time the promissory note of the debtor for this amount and bearing interest at the rate of 1 per cent.

The first meeting of creditors was held on November 22, 1934, so that this proposal appears to be an extension or compromise offer of the debtor and not an application for confirmation within the purview of Bankr. Act § 75 (g), 11 USCA § 203 (g).

It appears from the record that more than 50 per cent. of the unsecured creditors have agreed to this proposal, and the commissioner found that it was an equitable and feasible method of liquidation for all creditors, that it was for the best interests of the creditors, and that the offer and its acceptance are made in good faith.

The proposal is so small that it is difficult to say that it is for the best interests of all the creditors. It simply amounts to a forgiveness by the creditors of their claims against the debtor. From the situation here presented, it would appear that the debtor should have taken the advantages of general bankruptcy instead of trying to proceed under section 75 (a–r) of the act, as amended, 11 USCA § 203 (a–r). I am unable to conscientiously say that such a proposal should be confirmed by a court. Order 50, rule 7, of the General Orders of the Supreme Court of the United States (11 USCA following section 53) provides that if the judge does not confirm the proposal, he may dismiss the proceedings. As the debtor does not have any property from the record that might provide for a substantial composition with his creditors, I think the proceedings should be dismissed. The clerk will therefore enter the following order:

The above-entitled cause coming on for hearing in open court at Des Moines, Iowa, on the 9th day of February, 1935, upon an application for confirmation of composition, due notice thereof having been given to all creditors, the court finds that it is not satisfied that the offer of composition is for the best interests of all creditors. This proceeding is therefore dismissed, and a copy of this order furnished to the conciliation commissioner, and all files in the case deposited with the clerk of court for the proper division thereof.