## In re DUVALL.

District Court, W. D. Virginia, at Harrisonburg.

April 2, 1935.

George S. Harnsberger, of Harrison-burg, Va., for debtor petitioner.

Z. N. Diamond, of Baltimore, Md., for Federal Land Bank of Baltimore.

PAUL, District Judge.

The debtor here has filed his petition under section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203), and this petition was referred to a conciliation commissioner for the usual proceedings thereon.

The conciliation commissioner has now filed his report stating that a majority in number and amount of the creditors have agreed upon terms of extension with the debtor, and this proposal is before the court on application of the debtor for its confirmation.

An examination of the record shows that this debtor owes about $17,000 or $18,000, of which about $6,000 represents a debt to the Federal Land Bank of Baltimore, secured by mortgage on real estate. The balance of the indebtedness is unsecured. The proposal of extension which the debtor has made is that he will pay to his creditors 2 per cent. on his indebtedness one year from the date of confirmation of the proposal, 2 per cent. in two years, and 3 per cent. at the end of each of the third, fourth, and fifth years, and the balance at the end of the sixth year. The report of the conciliation commissioner shows that this proposal has been accepted by all of the unsecured creditors, but that the Federal Land Bank of Baltimore, the only secured creditor, declines to accept it.

The statute provides that the court shall confirm a proposal if satisfied that it includes an equitable and feasible method of liquidation for secured creditors and of financial rehabilitation for the farmer. In the opinion of the court, the proposal here made is plainly not fair or equitable toward the secured creditor and offers no feasible method of liquidation of the debt. The proposal contains no provision whatever for the payment of interest upon the mortgage debt from this time on and proposes to pay only 4 per cent. of the debt within the next two years and only 13 per cent. of the debt by the end of five years. The interest on the mortgage debt alone is considerably in excess of the amounts proposed to be paid on the principal, so that at the expiration of five years the debtor would owe the Federal Land Bank of Baltimore more money than he now owes that creditor. In this case, the unsecured creditors, having no security and no prospect of a speedy collection of their debts, have apparently been willing to accept almost any terms offered them; and inasmuch as the unsecured creditors represent a majority in number and amount, it is sought thereby to compel the secured creditor to accept the same terms which, as I have stated, are, so far as the secured creditor is concerned, decidedly unfair.

It is not the intention of section 75 of the Bankruptcy Act that debtors could file petitions and procure lengthy delays in the settlement of their indebtedness by making promises of trivial payments over a number of years. When debtors seek to take advantage of this act, they must be prepared to offer some terms of composition or extension which recognize the extent of their indebtedness and offer a fair and reasonable method of liquidating it without delay over a long period of time and an uncertain settlement at the end of that period. It is to my mind grossly unfair to a secured creditor to compel him to accept payments aggregating only 13 per cent. of his indebtedness, strung over a period of five years, when at the end of that period the accumulated interest on the debt will be double, or more than double, the amount of the payments made, so that at the end of the period the creditor's debt will be noticeably larger than it is at present.

This is certainly not an equitable or feasible method of liquidation, and confirmation of the proposal will be denied.