## In re PAUL.

### No. 9006.

District Court, S. D. Iowa, Central Division.
Feb. 8, 1936.

F. V. Morgan, of Newton, Iowa, for bankrupt.

Cross & Hamill, of Newton, Iowa, Tinley, Mitchell, Ross & Everest, of Council Bluffs, Iowa, and Carr, Cox, Evans & Riley, of Des Moines, Iowa, for Equitable Life Assur. Soc.

DEWEY, District Judge.

The above-entitled matter came on for hearing in open court at Des Moines, Iowa, on the 1st day of February, 1936, upon a petition of the Equitable Life Assurance Society of the United States to review a certain order entered by John D. Denison, referee in bankruptcy, on December 17, 1935, overruling and denying certain objections filed by the Equitable Life Assurance Society to administration of the real estate covered by a mortgage held by such Society.

By a stipulation of the parties the court files, dockets, and all proceedings, together with all copies of documents referred to in the pleadings, in the cause pending in the district court of Iowa in and for Jasper county, Iowa, entitled Equitable Life Assurance Society of the United States v. James M. Paul et al., No. 17691 Equity, were agreed to be considered as evidence in the petition for review. Such record and evidence establishes as follows:

On October 2, 1934, the debtor filed his petition under section 75 of the Bankruptcy Act (47 Stat. 1470, § 1, as amended). An offer of composition was rejected. An amendment asking to be adjudged a bankrupt was filed, and the debtor James M. Paul was declared a bankrupt on February 13, 1935, and the proceedings referred to John D. Denison as referee in bankruptcy. These proceedings were later dismissed after the decision of the Supreme Court in the Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, case, but were reinstated on November 4, 1935, under the provisions of the act as amended August 28, 1935 (11 U.S.C.A. § 203); and again referred to said referee. A trustee was appointed on November 15, 1935. The bankrupt then filed a petition asking for administration of his property under section 75(s), Bankr. Act, as amended by Act Aug. 28, 1935, § 6, 11 U.S.C.A. § 203(s). The Equitable Life Assurance Society filed objections challenging the constitutionality of the act, and these objections were overruled by the referee on December 16, 1935, being the order on which a review is asked in this case.

Said Assurance Society instituted foreclosure proceedings in the district court of Jasper county, Iowa, at its September term, 1934, on a mortgage held by it against the real estate here in controversy. The mortgage was signed by James M. Paul and his wife, Jane Paul, to secure a note for $16,000, secured by the mortgage on 160 acres of land in Jasper county, Iowa. The mortgage did not contain a provision for the appointment of a receiver, and no receiver was appointed. Debtors had defaulted in the payment of their interest on May 1, 1932, and in the payment of taxes since the year 1930. The approximate aggregate amount due under the mortgage at this time is in excess of $20,000. The debtor's petition values his security at $12,000.

On account of the filing of debtor's petition, the foreclosure suit in the district court of Jasper county, Iowa, has not proceeded to sale, although judgment and order of sale has been entered by the state court. The creditor here has attempted twice to force a sale, but has been stopped by the debtor filing his debtor's petition in this court.

The objections to the administration of the property on which the Society held a mortgage were that subsection (s) of section 75 as amended by Act August 28, 1935, § 6, was unconstitutional for the several reasons pointed out by the Supreme Court of the United States in the Radford Case, supra, to former subsection (s) of section 75, and on the further ground that it violated section 1 of article 1 of the Constitution of the United States, in that it seeks to delegate a legislative function to the judicial brand of the government.

Despite the insistence of the attorneys for the Equitable Life Assurance Society that the act should be declared unconstitutional under the Radford decision, I am inclined to the opinion that whether or not it is so unconstitutional must be determined by the facts in each individual case. I recognize that there is very high authority for declaring the act unconstitutional under any and all circumstances, as it has been given serious consideration by many eminent district judges of the Unit-

ed States. In re Young (D.C.) 12 F.Supp. 30; In re Sherman (D.C.) 12 F.Supp. 297; In re Lindsay (D.C.) 12 F.Supp. 625; In re Davis (D.C.E.D.N.Y.) 13 F.Supp. 221 (Byers, J.); In re Schoenleber (D.C.D. Neb.) 13 F.Supp. 375 (Munger & Donohoe, JJ.); In re Diller (D.C.S.D.Cal.) 13 F.Supp. 249 (Cosgrave, J.) Several of the lower courts have, however, refused to declare the act unconstitutional upon different grounds, but in general either expressly or impliedly have stated that the decision as to the unconstitutionality of the act should be left to the appellate courts. In re Slaughter (D.C.) 12 F.Supp. 206; In re Williams (D.C.N.D.Tenn.) (Gore, J.)[1]; In re Reichert (D.C.W.D.Ky.) 13 F.Supp. 1 (Hamilton, J.); In re Bennett (D.C.W.D.Mo.) 13 F.Supp. 353 (Otis, J.); In re Cole (D.C.S.D.Ohio) 13 F.Supp. 283 (Nevin, J.).

■ It is not every right or interest in real estate that may be administered under subsection (s) of section 75 of the act. To permit the renting of real estate and the right of possession to a debtor for a period of three years where he only has a slight right or interest in and to the property would amount to the taking of private property from one person and giving it to another, and this the Congress cannot do without making reparation to the person from whom the property is so taken. Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106.

The Court of Appeals of the Seventh Circuit has considered some of these rights or interests in real estate and declared them insufficient to warrant administration under subsection (s), as follows:

(1) Where the right or interest in such real estate is only the right of a period of redemption. In re Lowmon (LaFayette Ins. Co. v. Lowmon) (C.C.A.) 79 F.(2d) 887.

(2) Where such right or interest is by virtue of an optional contract to purchase. In re Tracy (C.C.A.) 80 F.(2d) 9.

That court has also held that subsection (s) of section 75 presupposes a probability of eventual debt liquidation, and real estate of a debtor cannot be administered under the provisions of that subsection unless it appears that the debtor has made a bona fide offer of composition and acted in good faith. In re Borgelt (C.C.A.) 79 F.(2d) 929.

It would seem to follow that where it appears that the debtor intends to take advantage of the act and keep possession of the land for ulterior purposes and does not intend to, or circumstances are such that in all reasonable probability he cannot, rehabilitate himself within three years, to permit him to have his mortgaged land administered under section 75(s) would jeopardize and affect the security of the creditor and be beyond the intention of the act.

But no such questions were raised before the commissioner or in the petition for review here.

■■ It is fundamental that before an attack may be made upon the constitutionality of an act, the person so attacking it must show directly that he will be injured thereby, and there is an absence of such showing in this case. Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L. Ed. 1078; City of Allegan v. Consumers' Power Co. (C.C.A.) 71 F.(2d) 477.

It must be kept in mind that the Congress has endeavored to correct the defects of the act declared unconstitutional by the new amendment of August 28, 1935, now challenged, and that it was given due consideration in the committees of both the House and the Senate and reported out favorably and passed by the Congress. Under this situation the lower courts should be very conservative about declaring an act unconstitutional, especially when it does not appear that any substantial injury will result to the person challenging the act and that before any substantial injury would result to any such person he may have a hearing before an appellate court.

The order appealed from should therefore be confirmed. The clerk will enter the following order: Petition for review of an order in this matter made by John D. Denison, referee in bankruptcy, on December 17, 1935, overruling and denying certain objections filed by the Equitable Life Assurance Society of the United States, is overruled, and the order approved and confirmed. Equitable Life Assurance Society excepts.

---

[1] No opinion filed.