## In re VATER et al.
### No. 3141.

District Court, E. D. Kentucky, Covington.
April 25, 1936.

632

C. C. Adams, of Williamstown, Ky., for petitioners.

Otto Wolff, of Newport, Ky., for Bank of Alexandria.

FORD, District Judge.

This is a proceeding under section 75 of the Bankruptcy Act as amended (11 U.S.C.A. § 203). This action was initiated by the filing and approval of a petition for composition and extension under section 75 (a–r) of the Bankruptcy Act (11 U.S.C.A. § 203 (a–r). Debtors amended their original petition and asked that they be adjudicated as bankrupts under subsection (s) of section 75 (11 U.S.C.A. § 203 (s). One of the secured creditors, the Bank of Alexandria, has filed a motion to dismiss the proceeding on two grounds, (1) because the act is unconstitutional, and (2) because the record discloses failure of the debtors to present "in good faith" a proposal of composition and extension, required as a condition precedent to filing the amended petition seeking the benefits of subsection (s).

In view of the conclusions hereinafter stated, it is unnecessary to pass upon the constitutionality of the act.

It seems to be clear and in harmony with the ruling of most of the courts which have considered the matter that before a farmer is entitled to amend his petition in order to avail himself of subsection (s), it is necessary that he shall have made a proposal to his creditors for composition and extension under subsections (a–r) and that said proposal must have been made "in good faith." In re Samuelson (D.C.) 8 F.Supp. 473; In re Hilliker (D.C.) 9 F.Supp. 948; In re Borgelt (D.C.) 10 F.Supp. 113, 116, affirmed in (C.C.A.) 79 F.(2d) 929; and In re Reichert (D.C.) 13 F.Supp. 1.

The phrase "good faith" is not defined in the act, hence it is to be given no technical or refined meaning. In common usage it has a well-defined and generally understood meaning. It is ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, absence of a design to take an unconscionable advantage of another, and, where employed in connection with legal obligations, it is evidenced by such candor and frankness in recognizing such obligations as reflect sincerity and willingness to perform them. While considerable latitude must be allowed to meet the circumstances of each particular case, and no hard and fast rule should be prescribed by which to measure good faith under all circumstances, it may be safely observed that in order to measure up to the requirement of the law, integrity of plan and purpose must be reflected in every proposal for composition and exten-

sion and mere perfunctory compliance with the letter of the law is not sufficient.

The theory of the law under which a good faith proposal is made a condition precedent to the relief provided by subsection (s) presupposes a fair opportunity to creditors to weigh and consider the debtor's voluntary offer in comparison with the alternative remedy afforded such debtor under the provisions of subsection (s).

Certainly, no debtor, acting in good faith, could reasonably expect acceptance by his creditors of a proposal fixing an extension or composition substantially more favorable to him and less favorable to creditors than the terms of subsection (s), and hence a proposal of composition and extension upon indefinite and uncertain terms affording no fair basis of comparison with the terms of subsection (s), would on its face negative every presumption of good faith on the part of the debtor making the proposal.

In the case of In re Borgelt, supra, the court said: "The proposal should be sufficiently definite and certain that the creditors may understand what it amounts to."

In Brandenburg on Bankruptcy, paragraph 1198, the author says: "The bankrupt must make an offer of specific terms upon which he shall have back his estate."

The Circuit Court of Appeals of the 6th circuit in the case of In re Tennessee Publishing Company, 81 F.(2d) 463, 467, in holding that a certain proposition for reorganization of a corporation under section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207, was not presented in good faith, said:

"It seems clear to us that the proposed plan is not a workable plan, offers no reasonable prospect for successful rehabilitation of the debtor, and is in consequence not, in the sense the phrase is used in the section, presented in good faith."

The debtor's proposal of composition and extension made to his creditors in this case provided that the debtor would pay all taxes on the property due and to become due; that the rate of interest be reduced to 4½ per cent.; that an extension be granted for a period of fifteen years during which the debtor would keep the property in good repair; and "the debtor proposes to pay in semi-annual installments such amount as his income will justify at the time said installment falls due and provided that in the event said debtor shall be in such financial condition within the said period of extension as to justify payment of all or any of his said claims then and in that event they shall be paid in full or in a substantial part thereof."

This proposal obviously amounts to nothing more than an offer by the debtors to pay the creditors if and when they are financially able. It is so indefinite and uncertain that no creditor would be able to give consideration or weight to the relative advantage of the proposal as compared with the alternative of allowing the debtor to proceed under subsection (s) of the act. It offers no reasonable prospect for liquidation of debts or rehabilitation of the debtor within a reasonable time.

In seeking the right to hold possession of the mortgaged property for a period of fifteen years without any definite or certain obligation whatever resting upon the debtor, other than the mere payment of taxes and upkeep, evidences such lack of recognition on the part of the debtor of his legal obligations as that it does not reflect that state of mind denoting honesty of purpose and freedom from intention or design to take an unconscionable advantage of creditors which would seem to be essential to good faith.

No creditor, in justice to himself, could be expected to give serious consideration to such a preposterous proposition, and the failure to obtain the acceptance of such an offer constitutes no basis for the debtors' right to amend their petition so as to be adjudged bankrupts under subsection (s).

For the reasons stated, I am of the opinion that this court has no jurisdiction of this proceeding.

The proceeding should be dismissed and the injunctions issued herein should be dissolved.