### In re MUSSELLMAN.

### No. 3115.

District Court, E. D. Kentucky, Covington.

Aug. 4, 1936.

C. C. Adams, of Williamstown, Ky., for petitioner.

L. M. Ackman and R. L. Webb, both of Williamstown, Ky., for Bank of Williamstown.

FORD, District Judge.

On June 20, 1936, on the motion of certain creditors of the debtor, Lizzie Mussellman, this case, which is a proceeding under subsection (s) of section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203(s), was ordered dismissed for the reason that the record discloses failure of the debtor to present in good faith such a proposal of composition and extension as is required as a condition precedent to this proceeding.

On July 10 the debtor filed a petition for rehearing praying that the order of dismissal be set aside and the proceeding be again referred to the Conciliation Commissioner for further action.

In numerous Federal decisions, it has been held that subsection (s) of section 75 is available to the farmer-debtor only on the condition that the farmer-debtor had previously complied with the requirements of the preceding subsections (a) to (r), 11 U.S.C.A. § 203(a to r), relating to the farmer's proposal of terms of composition and extension.

In the case of In re Schaeffer, D.C., 14 F.Supp. 807, 811, after analyzing the provisions of the second Frazier-Lemke Act, 11 U.S.C.A. § 203, the Court said: "It is

thus seen that there are necessary conditions precedent to the right of the farmer debtor to avail himself of the mortgage moratorium provided by subsection (s). It seems quite clear from section 203 as a whole that the farmer must first have submitted to his creditors a proposal which 'in good faith contains an equitable and feasible method of liquidation for creditors;' and is for their best interests, as well as his own. Unless and until the farmer has made such a proposal which the court can subsequently find complies with these characteristics, subsection (s) is not available to him."

To the same effect are the following Federal decisions: In re Borgelt, 7 Cir., 79 F.2d 929, affirming, D.C., 10 F.Supp. 113; In re Samuelson, D.C., 8 F.Supp. 473; In re West, D.C., 10 F.Supp. 407; In re Hilliker, D.C., 9 F.Supp. 948; In re Duvall, D.C., 14 F.Supp. 799, and In re Reichert, D.C. Ky., 13 F.Supp. 1.

The material part of the debtor's proposal upon which her proceeding under subsection (s) is predicated, in addition to agreeing to pay the delinquent taxes and to repair and keep up the buildings on the premises, is as follows: "She will undertake to meet the claims of all her other creditors, within a period of thirty six years, by means of semi-annual installments, under the general amortization plan, and rate of interest, as permitted by the several Federal Land Banks in the United States of America, with their rights to liens as now existing preserved, on the further condition, however, that a reduction of twenty per centum in the amount of each such creditor's claim be given as of this date, to bring the same on a parity in value with the depreciated value of her property as fixed by present unprecedented, and unnatural economic conditions."

By the requirement of a good faith preliminary proposal from a debtor to his creditors, the law recognizes the propriety of affording creditors a fair opportunity to consider the relative advantages or disadvantages of the proposal in comparison with the alternative provisions of subsection (s). Perhaps, however, the more important theory underlying the requirement of this preliminary proposal on the part of the debtor is, if possible, to preserve mutual confidence and good will between debtor and creditors so that by sympathetic co-operation the success of the plan for the rehabilitation of the debtor may be assured.

It is thus apparent that a sincere good faith preliminary effort by the debtor to secure an equitable and amicable adjustment of his difficulties with his creditors is a sound and salutary requirement. A mere perfunctory proposal bearing no reasonable semblance to the provisions of subsection (s) would defeat the purpose sought to be attained. A preliminary proposal may be so impracticable, unfair and inequitable to creditors in its terms and conditions as to negative, on its face, any presumption of sincerity or good faith on the part of the debtor.

The record discloses that the farmer-debtor, Lizzie Mussellman, who makes the proposal above set out seeking a moratorium upon her debts for a period of 36 years and demanding a reduction of 20% in the amount of each creditor's claim is an unmarried woman now more than 73 years of age without family or dependent. Thus, by the terms of her proposal, she not only demands to be relieved in toto of 20% of her debts, but seeks to defer the liquidation of the remaining 80% to a period far beyond her lifetime.

This proposal entirely fails to fulfill the necessary conditions precedent to the right of the debtor to avail herself of the provisions of subsection (s), and hence the petition for rehearing is denied and the motion to set aside the order of dismissal entered on June 20th is overruled.