### In re WYLIE.
### No. B–1601.

District Court, W. D. South Carolina.
Aug. 10, 1936.

McDonald, Macaulay & McDonald, of Chester, S. C., for Land Bank.

J. Means McFadden, of Chester, S.C., for debtor.

194

GLENN, District Judge.

On October 30, 1935, the above-named debtor against whom there was then pending an action of foreclosure by the Federal Land Bank of Columbia, in the state court for Chester county, S. C., filed his petition under section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203), asking for a composition and extension, and thereafter the matter was referred to Hon. C. B. Abell, conciliation commissioner, for said county, who in due time called a meeting of creditors to consider such offer. At this meeting the only proposition submitted by the debtor was that he be permitted to continue to occupy the premises upon which said mortgage was then being foreclosed and that he be permitted to continue his farming operations, and that in the event he could make any profit out of his farming operations that same should be distributed equitably among his creditors.

The debtor's petition showed that the mortgage of the Federal Land Bank was originally for the sum of $4,500, but that with accrued interest it amounted to the sum of $5595 as of October 14, 1935, and that the value of the mortgaged premises was the sum of $3,000, and that said premises had a second mortgage thereon in the sum of $600, and that no taxes had been paid upon said premises for the past four years. It further appeared from the proof of claim filed by the Federal Land Bank, of Columbia, that payments on said mortgage had been in default since November 1, 1930, and that under the terms of their mortgage all of the rents and profits from said premises, subsequent to the commencement of a suit for foreclosure, should be assigned to the mortgagee. It further appears that the debtor had mortgaged the cotton on said premises for the current year to the Rock Hill Production Credit Association to secure the sum of $400.

At the hearing before the conciliation commissioner, the debtor failed to obtain the consent of approval of a majority of his creditors either in number or amounts to his proposed plan of composition and extension, and the Federal Land Bank of Columbia, holder of a majority in amount of all debts, moved at the conclusion of the testimony that the proposed offer be dismissed by the commissioner upon the ground that no feasible plan of composition had been offered. The commissioner overruled this motion, holding that said offer had been made in good faith.

On February 19, 1936, debtor having failed to obtain the approval of his creditors to his proposed plan of extension and composition filed his petition under subdivision (s) of section 75, as amended (11 U.S.C.A. § 203 (s), asking that he be adjudged a bankrupt, and on February 21, in due time the Federal Land Bank filed its petition for review of the action of the conciliation commissioner and moved to dismiss the proceedings had on behalf of the debtor.

The record was duly filed with this court by the conciliation commissioner, and the matter came on for a hearing on the 18th day of June, and after hearing the testimony and other proceedings and argument of counsel both for the debtor and for the Federal Land Bank, the court announced that it would grant the debtor an additional period of thirty days, and that at the expiration of said period, should the debtor in the meantime have paid the past-due taxes and have submitted some reasonable offer of composition to his creditors, the court would again take the matter under advisement.

It now appears that the debtor has not paid the past-due taxes, nor has he submitted any further plan of composition and extension to his creditors, and the court being of the opinion that the debtor's proposal for composition and extension is not such a proposal as is contemplated by section 75 of the Bankruptcy Act, as amended, and that it offers no reasonable plan of eventual debt liquidation or financial rehabilitation of the debtor, and in view of the fact that the debtor has failed to pay taxes on said premises for a period of at least four years, and that he is in default in the payment upon his mortgage debt since the 1st day of November, 1930, and it further appearing that the mortgage debt of the Federal Land Bank, of Columbia, is now nearly twice the value of the mortgaged premises, as valued by the debtor in his petition, it is on motion of McDonald, Macaulay & McDonald, attorneys for the Federal Land Bank of Columbia, ordered, adjudged, and decreed that the findings and order of the conciliation commissioner be reversed, that debtor's proposition for composition and extension be disallowed, and that debtor's petition therefor as originally filed, as well as his amended petition, be dismissed; all at the cost of the debtor.