**In re COLEMAN.**

District Court, W. D. Kentucky,
Paducah Division.

Aug. 21, 1936.

Frank Rives, of Hopkinsville, Ky., for bankrupt.

H. W. Linton, of Hopkinsville, Ky., and J. S. Grimes, of Louisville, Ky., for Federal Land Bank of Louisville.

HAMILTON, District Judge.

This case is pending before me on an objection of the bankrupt to the entry of an order providing that this action shall be dismissed as of December 1, 1936, unless the bankrupt shall, prior to that date, present to the court satisfactory evidence that he has paid all taxes due and delinquent, including all taxes paid by persons having liens against the bankrupt's real estate, and will pay all past-due interest on notes secured by mortgage on the bankrupt's property.

The bankrupt contends that this court lacks statutory authority to enter such an order; that he is entitled to an extension on the payment of all lien indebtedness for a period of three years conditioned on the payment of a reasonable rental for the property.

The record in this case discloses that the bankrupt heretofore filed his petition praying that he be afforded an opportunity to effect a composition or extension of time to pay his debts under the provisions of subsection (c) of section 75, chapter 8

of the National Bankruptcy Act, as amended, 11 U.S.C.A. § 203(c).

The matter was duly referred to a conciliation commissioner, and in the proceedings the bankrupt made the following offer of composition and extension:

"I, Ernest William Coleman, of Hopkinsville, R. F. D. #3, in the County of Christian, and district and State of Kentucky, debtor in the above action, comes and makes the following offer for an extension and composition of the payment of his debts under Section 75 of the Bankruptcy Act.

"On the first lien debt of the Federal Land Bank of Louisville, Louisville, Kentucky, of the principal sum of forty-two hundred dollars ($4,200.00), he asks for an extension of time for the payment of same, same to be reamortized under the same terms and rate of interest as now made by the Federal Land Bank.

"Whereas the property has so decreased in value that same is not worth more than said $4,200.00, he asks that past due interest and the second mortgage for eleven hundred dollars ($1,100.00) be cancelled.

"(S) Ernest William Coleman"

The bankrupt failed to obtain the acceptance of a majority in number and amount of all creditors whose claims were affected by his proposal. Thereupon he filed an amended petition praying that he be adjudged a bankrupt, and that he have the benefit of an extension as provided in subsection (s) of section 75, as amended, 11 U.S.C.A. § 203(s).

■ The Federal Land Bank of Louisville, Ky., mortgage creditor of the bankrupt, has moved to dismiss these proceedings on the ground that the bankrupt's offer of composition was not made in good faith. The relief granted to a farm debtor under the amended Bankruptcy Act requires a compliance with its provisions before the debtor is entitled to an extension. Broadly stated, these things must be done before any extension may be had: (1) The debtor must make a proposal to his creditors which includes (a) an equitable and feasible method of liquidation of the claims of his secured creditors and his own financial rehabilitation; (b) the proposal must be for the best interests of all creditors; (c) the proposal and its acceptance must be in good faith. (2) If the farmer fails to obtain acceptance of

his proposal by a majority in number and amount of all claims affected by his proposal of composition or extension, he may then have an extension as provided under section 75(s), as amended, 11 U.S.C.A. § 203(s).

■ The words "liquidation" and "financial rehabilitation" are not defined under the act, section 75(i), 11 U.S.C.A. § 203(i) and, as they are words of common use, we must accept them as ordinarily understood. In its general sense, "liquidation" means the act or operation of winding up the affairs of a firm or company by getting in assets, settling with its debtors and creditors, and appropriating the amount of profit or loss. Mr. Justice Story said, in Fleckner v. Bank of United States, 8 Wheat. 338, 21 U.S. 338, 362, 5 L.Ed. 631:

"Its ordinary sense as given by lexicographers, is to clear away, to lessen debts. And in common parlance, especially among merchants, to liquidate a balance, means, to pay it."

In Laidlaw v. Abraham, C.C., 43 F. 297, 298, the court said:

"The term 'liquidation,' as used in the statute and in the law generally, signifies 'to clear up; as, by settlement and payment.' "

■ "Rehabilitation" has not found its way into law cases so frequently as "liquidation," but it has a well-defined meaning of little variety. It means "to invest or clothe again with some right, authority or dignity; to restore to a former capacity; to reinstate; to qualify again."

■ No "proposal of composition or extension" under the act would be in good faith, as that phrase is used in the act, unless it contemplated the liquidation of secured debts or the rehabilitation of the farm debtor. Judge Ford, in the Matter of Vater, D.C., 14 F.Supp. 631, 632, in defining "good faith" as used in the act said:

"The phrase 'good faith' is not defined in the act, hence it is to be given no technical or refined meaning. In common usage it has a well-defined and generally understood meaning. It is ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, absence of a design to take an unconscionable advantage of another, and, where employed in connection with legal obligations, it is evidenced by such candor and frankness in recognizing

such obligations as reflect sincerity and willingness to perform them. While considerable latitude must be allowed to meet the circumstances of each particular case, and no hard and fast rule should be prescribed by which to measure good faith under all circumstances, it may be safely observed that in order to measure up to the requirement of the law, integrity of plan and purpose must be reflected in every proposal for composition and extension and mere perfunctory compliance with the letter of the law is not sufficient.

"The theory of the law under which a good faith proposal is made a condition precedent to the relief provided by subsection (s) presupposes a fair opportunity to creditors to weigh and consider the debtor's voluntary offer in comparison with the alternative remedy afforded such debtor under the provisions of subsection (s).

"Certainly, no debtor, acting in good faith, could reasonably expect acceptance by his creditors of a proposal fixing an extension or composition substantially more favorable to him and less favorable to creditors than the terms of subsection (s), and hence a proposal of composition and extension upon indefinite and uncertain terms affording no fair basis of comparison with the terms of subsection (s), would on its face negative every presumption of good faith on the part of the debtor making the proposal."

The bankrupt's proposal in the case at bar did not provide for a liquidation of the secured debts nor the farm debtor's rehabilitation. Subsection (s) does not authorize the court to arbitrarily grant an extension of time. It is said in the act that the extension must not be "inconsistent with the protection of the rights of the creditors and the debtor's ability to pay, with a view to his financial rehabilitation." There is no showing made in this case that an extension would accomplish anything for the debtor other than to permit him to retain possession of the farm for three years on the payment of rent. The secured creditor could not be expected to cancel part of its indebtedness and allow reamortization of the balance. The debtor's offer of composition and extension was not made in good faith as that term is used in the statute.

If the debtor should, on or before December 1, 1936, pay all taxes due and delinquent, including all taxes paid by persons having liens against the debtor's lands, and past-due interest, the requirement of good faith under the statute would be met and he would be entitled to an extension. Otherwise the proceeding should be dismissed.