In re COX.

No. 4966.

District Court, D. Idaho, S. D.

Jan. 13, 1938.

tion (s) of section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203(s), upon the following grounds:

"1. The bankrupt now has no interest in or to the property alleged to be owned by her subject to an outstanding Sheriff's Certificate of sale owned by the bank for the reason that the period of redemption owned by her at the time of the filing of her original petition under subsections (a) to (r), 11 U.S.C.A. § 203(a–r), and the running of which was stayed under the self-operating provisions of subsections (n) and (o) 11 U. S.C.A. § 203(n and o) has fully expired and now ceased to exist in view of the fact that no express order of the Court providing for a stay of the running of the period of redemption was entered."

"2. The bankrupt's compliance with the provisions of the law in the proceedings under subsections (a) to (r) was colorable only and was not such a compliance as would entitle her to the relief requested by her under subsection (s) in that her proposal was not one which extended to her secured creditors an equitable and feasible plan for the liquidation of their claims and one which included an equitable and feasible plan for her financial rehabilitation."

"3. The bankrupt was not a. farmer within the meaning of subsection (r) of the said section 75, 11 U.S.C.A. § 203(r) in that she did not personally engage in farming operations, nor was the principal part of her income derived from farming operations."

"4. The Bankrupt does not have the ability to rehabilitate herself under the terms and conditions of subsection (s), 11 U.S.C.A. § 203(s) and therefore should be denied relief thereunder at the very outset of the proceedings."

Before disposal of the grounds asserted, the question arose upon argument as to whether the petition of bankrupt was prematurely filed as no administration proceedings had been had under subsection (s) and the cause referred to a referee and no appraisal of the bankrupt's property made. It is apparent that the petition of the bank is a challenge of the right of the bankrupt to any relief under subsection (s). After further consideration of that question and the Bankruptcy Act, the appropriate time to offer such attack is when debtor amends his petition and comes under subsection (s). In re Borgelt, D.C., 10 F.Supp. 113; In re Buxton's Estate, D.C., 14 F.Supp. 616; In re Vater, D.C., 14 F.Supp. 631; In re Bor-

Fred A. Knutsen, of Spokane, Wash., and J. P. Reed, of Emmett, Idaho, for Federal Land Bank of Spokane, a creditor.

S. E. Blaine, of Boise, Idaho, for debtor.

CAVANAH, District Judge.

The Federal Land Bank of Spokane files a petition to set aside an order of adjudication and to dismiss the petition heretofore filed by Martha Francis Cox under subsec-

gelt, 7 Cir., 79 F.2d 929; Baxter v. Saving Bank of Utica, N.Y., 6 Cir., 92 F.2d 404. Subsection (s), 11 U.S.C.A. § 203(s), provides in part: "The appraisals shall be made in all other respects with rights of objections, exceptions, and appeals, in accordance with this act [title]: Provided, That in proceedings under this section, either party may file objections, exceptions, and take appeals within four months from the date that the referee approves the appraisal." This provision of the act grants to the creditor the right to object to the proceedings where an amended petition is filed under subsection (s).

The next question to be considered is: Has the debtor an interest in the property in question at the time she amended and filed her petition under subsection (s)? It appears that at the time she filed her original petition under subsections (a) to (r) she owned a statutory right to redeem the property from sheriff's sale held in a foreclosure suit; that petition was filed two days prior to the expiration of the period of redemption; and it was held that under the provisions of subsection (n) and (o), 11 U. S.C.A. § 203(n and o), the period of redemption was then extended for the purpose of debtor's proceeding under the self-operating provisions of subsections (n) and (o). After the Conciliation Commissioner's denial of the original petition filed or adjudication in the absence of express order of the court providing for a stay of the running of the period of redemption, further extension was not granted. This is the interpretation of the statute made by the Ninth Circuit Court of Appeals in the case of Hardt v. Kirkpatrick, 91 F.2d 875. The order entered on August 29, 1937, related to the denial of the petition of the bank prior to the filing of the bankrupt's amended petition under subsection (s) and extending the period of redemption in accordance with the terms of subsection (n). On September 4, 1937, the bankrupt filed her amended petition under subsection (s), but no application for injunction or stay of redemption was made or order of the Court entered. Therefore the cause is governed by the interpretation made by the Ninth Circuit Court of Appeals in the case of Hardt v. Kirkpatrick, supra. The lapse of two days after the order of adjudication was entered terminated the bankrupt's estate and vested the entire legal title in the bank, and therefore no relief can be granted under the amended petition, as no extension of the period of redemption was applied for or order made by the court, but as testimony has been taken which applies to the objections 1, 2, 3, and 4, the court will consider and dispose of them as they are sustained by the evidence. It is clear: First, that the proposal is not one which extended to her secured creditors an equitable and feasible plan for the liquidation of their claims, or included an equitable and feasible plan for her financial rehabilitation. Second and third, that the bankrupt is not and was not at the time her amended petition was filed under subsection (s), a farmer within the meaning of subsection (r), in that she was not a person who was primarily bona fide personally engaged in farming operations, nor was the principal part of her income derived from farming operations as it is clear that she resided in Boise, and engaged in the sale of oil stock and the business of a masseuse. And, fourth, the evidence does not establish the ability of the bankrupt to rehabilitate herself under the terms and conditions of subsection (s). She has not paid taxes on the land for five years, and the buildings and improvements thereon have run down and are not cared for, and that the income from the place has not been of a sufficient amount to care for it, or to earn an amount to pay the taxes, upkeep, and fair rental of the property, to be based upon rental value, net income, and earning capacity of the property.

The testimony of the bankrupt does not impress one that she desires to do equity and comply with the law.

In view of the conclusions thus reached, the petition of the bank, upon which this hearing is had, will be granted, and the order of adjudication heretofore entered will be set aside and the amended petition of the bankrupt dismissed.

Costs awarded to the bank.