**In re DANDY.**
**No. 1645.**

District Court, W. D. South Carolina, Greenville Division.

May 19, 1938.

Joseph A. Tolbert, of Greenville, S. C., for debtor.

W. B. McGowan, of Greenville, S. C., for lien creditor Federal Land Bank Columbia, S. C.

WYCHE, District Judge.

Frank Balie Dandy, the debtor herein, filed his petition for an extension or composition of his indebtedness under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203. The matter was referred to the Conciliation Commissioner for Greenville County, who, after a full hearing and consideration, recommended that the proceedings be dismissed. Thereafter, the debtor having failed to secure the consent of the creditors holding the majority in amount of the claims, petitioned for permission to amend his original petition with the view of being adjudged a bankrupt under subsection (s), 11. U.S.C.A. § 203(s), so as to retain possession of his property under the supervision of the court for the three year period, and submitted an amended proposal which was duly referred to the Conciliation Commissioner with direction to take the testimony and make recommendations as to the feasibility of the amended proposition. The Commissioner has filed his report, together with the testimony and recommendation that the proceedings be dismissed on the ground that the condition of the debtor affords no reasonable prospect of financial rehabilitation within the statutory period.

It appears that as of December 17, 1937, the mortgage indebtedness of the debtor was approximately $3350.43, and no payments have been made since that date. County and State taxes for the past six years are due and unpaid and they total approximately $180.00. The Commissioner values the property of the debtor at $1750.-00. The debtor has been in default in payment of the mortgage to the Federal Land Bank since 1932. The buildings on the property are in a bad state of repair, and a large portion of the land is not in cultivation. During the past few years the debtor has produced only two bales of cotton on the place consisting of fifty acres, and this poor record of industry on the part of the debtor affords very little hope of any improvement in the future. His proposal of sub-dividing his property into building lots is based largely upon optimism not justified by the facts. Since the date of default the debtor has made no curtailment of his indebtedness, and he now proposes to retain possession of his property for an additional three years under subsection (s) of the Frazier-Lemke Act, 11 U.S.C.A. § 203(s). To indulge the debtor in this prayer would be merely to postpone his inevitable liquidation with further loss to his lien creditors. There appears to be no prospect of his rehabilitating himself within the statutory period either by refinancing his present indebtedness, or by selling his property for enough to liquidate it.

Subsection (s) presupposes a probability of eventual debt liquidation and a prior good faith effort on the part of the debtor to propose or accept a plan which is reasonably calculated to effect a debt liquidation. In re Borgelt, 7 Cir., 79 F.2d 929.

In other words, as a condition precedent to a debtor's right to amend his petition and ask to be adjudged bankrupt under this subsection, the debtor must have proposed or established a feasible plan of debt liquidation or financial rehabilitation within the three year period. A proposal falling short of this requirement is not considered as having been made in good faith and under such circumstances the courts uniformly have denied the debtor's plea to be adjudged a bankrupt under this subsection. Such denial carries with it a dismissal of the petition and the entire proceedings. Steverson v. Clark, 4 Cir., 86 F.2d 330; Knotts v. First Carolinas Joint Stock Land Bank of Columbia, S. C., 4 Cir., 86 F.2d 551; In re Wylie, D.C.S.C., 16 F.Supp. 193.

While ordinarily the act gives the debtor a three year period of rehabilitation, the stay provided for is not an absolute one. The court may terminate the stay if after a reasonable time it becomes evident that there is no reasonable hope that the debtor can rehabilitate himself within the three year period. Wright v. Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455.

I am convinced that here the debtor cannot rehabilitate himself within the statutory period.

For the foregoing reasons, it is therefore, ordered, That the debtor's prayer to be adjudged bankrupt under subsection (s) of section 75 of the Frazier-Lemke Act, 11 U.S.C.A. § 203(s) be and the same is hereby denied.

It is further ordered, That the petition, together with the entire proceedings, be and the same is hereby dismissed.