### In re COCHRANE.
### No. 4954.

District Court, D. Idaho, N. D.
June 15, 1938.

Fred A. Knutsen, of Spokane, Wash., for Federal Land Bank of Spokane.

Whitla & Knudson, of Coeur d'Alene, Idaho, for bankrupt.

CAVANAH, District Judge.

The Federal Land Bank of Spokane, a secured creditor of the Bankrupt, moves to set aside the order of adjudication and the dismissal of the Bankrupt's petition for adjudication upon the grounds, (a) that the bankrupt has no title or interest in the real estate involved in regard to which he seeks relief under the provisions of Section 75(s) of the Bankruptcy Act, 11 U.S. C.A. § 203(s); and (b) that the bankrupt has failed to comply with the conditions precedent to the filing of his amended petition in that his proposal submitted to his creditors under the terms of subsections (a) to (r) of Section 75, 11 U.S.C.A. § 203(a–r), does not contain a plan for the equitable or feasible liquidation of the listed secured creditors claim or for the financial rehabilitation of the Bankrupt's farm operations.

The Bankrupt was the owner of 480 acres of farm property situated in Kootenai County, Idaho, subject to a mortgage lien held by the bank. On April 22, 1936, the State District Court entered a decree of foreclosure. Under that decree the property was sold by the Sheriff on May 25, 1936, which was bid in by the Bank for $6,194.72, being the full amount of the decree and a Sheriff's certificate of sale was issued.

On May 22, 1937, the Bankrupt filed his original petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, seeking the privilege of attempting to effect an adjustment with his creditors. The petition was approved by the Court on May 24, 1937, and on May 26, 1937, it was referred to the Conciliation Commissioner. The first administrative proceeding had by the Commissioner was in February, 1938 by the giving of notice of the first meeting of creditors which was held on March 10, 1938, and at that meeting the bank's claim was approved and the Bankrupt thereafter submitted a proposal in which he offered to pay $4,000 interest and taxes, by paying on December 31, 1938, $400 and accrued interest and $400 and accrued interest on each succeeding year for ten years and to keep the buildings insured. The proposal was not accepted by a majority in amount and number of the Bankrupt's creditors and the bank, a creditor, rejected the same. The proposal and rejection were then presented to the Court together with the amended petition of the Bankrupt which was filed with the Commissioner on March 25, 1938, and with the Clerk of the Court on April 4, 1938, seeking relief under subsection (s) of Section 75 of the Bankruptcy Act, known as the Frazier-Lemke Act, and the petition was approved and an order of adjudication entered April 20, 1938, which was referred to the Conciliation Commissioner for future proceedings. No order was applied for or entered restraining the creditor from acquiring the property at the Sheriff's sale or stay order entered prolonging the period of redemption for the purpose of administrative proceedings under the law, the Frazier-Lemke Act. The period of redemption expired on May 25, 1937 which was some time prior to the filing of the amended petition on April 4, 1938.

The first ground of the motion of the Bank to set aside the order of adjudication and the dismissal of the bankrupt's petition is that the bankrupt has not any title or interest in the real estate as his right of redemption from the Sheriff's sale expired three days after the entry of the order of adjudication by reason of no restraining order having been made extending the period of redemption for the purpose of administering the case. This identical question was disposed of in the case of In re Cox, D.C., 22 F.Supp. 925, in which the conclusion was based upon that of the Ninth Circuit Court of Appeals in the case of Hardt v. Kirkpatrick, 91 F.2d 875, where the Court held that in the absence of an order providing for the stay of the running of the period of redemption, further extension was not granted and at the expiration of the period of redemption the title to the property vested in the one who held the Sheriff's certificate of sale. But it is urged that the decision of the Supreme Court in the case of Wright v. Vinton Branch of Mountain Trust Bank of Roanoke et al., 300 U.S. 440, 57 S.Ct. 556, 81 L. Ed. 736, 112 A.L.R. 1455, holds that the stay order was not necessary in order to prevent the period of redemption from ex-

piring and therefore the decision of the Ninth Circuit Court of Appeals in the case of Hardt v. Kirkpatrick, supra and in Re Cox, supra, runs counter to it. I am unable to accept the Bankrupt's interpretation of the extent of that decision when applied to the facts in the present cases. I do not understand that the question here was before the Supreme Court in the Wright Case for there had been no sale and the period of redemption had not begun as here the period of redemption had expired and there was no application for or order of the Court to stay the period of redemption entered. Wright v. Union Central Life Insurance Company, 7 Cir., 91 F.2d 894.

In the Wright Case, supra, the sole question for decision was whether Section 75, Subsection (s) of the Bankruptcy Act, as amended by the new Frazier-Lemke Act, 11 U.S.C.A. § 203(s), was constitutional and not the question as to whether the period of equity of redemption had expired before the Bankrupt filed his amended petition seeking under the Frazier-Lemke Act, when in considering that question the Court held that the suit was not premature because a stay order was not entered, in order to present a constitutional controversy. The statement in the opinion that [57 S.Ct. page 559]: "The entry of the order of reference initiated proceedings designed to move, through the appointment of appraisers, the appraisal, and the referee's order recognizing the debtor's right to possession, to the grant of the stay by the court. Under the Act no further affirmative action by petitioner precedent to his obtaining the stay was necessary. The mortgagee was not obliged to delay his challenge to the validity of the stay and its essential incidents until these officials had complied with the mandatory provisions of the Act. But while we must decide whether the challenged sub-section is constitutional, we refrain from deciding questions suggested which may arise later in the course of its administration," seems to relate to a situation where the Bankrupt had initiated proceedings to place in motion the provisions of the law relating to the appointment of appraisers, and appraisal and referee's order, recognizing the debtor's right to possession and not to the extension of the period of redemption and the Court there was dealing solely with the question of whether or not the challenged

section of the Act was constitutional and refrained from deciding other questions which may arise in the course of its administration.

Therefore, it is obvious that the Wright Case is distinguishable from the present case.

■ It must be remembered that the debtor is proceeding under two distinct Acts: First, under Section 75 of the Bankruptcy Act and, Second, under the amended Act, being subsection (s) of Section 75, and if his equity of redemption has expired before the debtor files his amended petition under the Frazier-Lemke Act, and he does not then own the property, surely this is not property owned by the debtor. If he desires relief under the Frazier-Lemke Act there must be a stay order extending the equity of redemption because the time extending proceedings under the original petition had expired. After adjudication of bankruptcy the farmer's-debtor's rights are measured by subsection (s) rather than by subsection (o), 11 U.S.C.A. § 203 (o, s). Subsection (s) contains no clause that would deprive the creditor, under the facts in this case, the right of proceeding with receiving a Sheriff's deed after the expiration of the period of redemption.

■ As to the second ground for dismissal that the Bankrupt has failed to comply with the conditions precedent to the filing of his amended petition, it appears clear that his proposal is not an equitable and feasible method of liquidation for secured creditors and financial rehabilitation for him as a farmer and therefore it runs counter to the construction of the Act by the Supreme Court and other Federal Courts in giving effect to the Act. See, Wright Case, supra; In re Cox, supra; Lemm v. Northern Cal. National Bank, 9 Cir., 93 F.2d 709; In re Palmer, D.C., 21 F.Supp. 628; In re Coleman, D.C., 21 F. Supp. 923; Laidlaw v. Abraham, C.C., 43 F. 297; Baxter v. Savings Bank of Utica, 5 Cir., 92 F.2d 404; In re Schaeffer, D.C., 14 F.Supp. 807.

The Supreme Court in the Wright Case, supra, in the notes to the opinion said: "This construction is in harmony with the requirement of good faith in the initiation of proceedings under section 75. Relief under section 75 (s) may be obtained only by one who has made a bona fide attempt, and has failed, to effect a

composition under section 75 (a)–(r), 11 U.S.C.A. § 203(a–r). The offer of composition must be in good faith."

An analysis of the proposal requires the conclusion to be reached .that the offer of composition made by the debtor is not a compliance with the Act, and for the reasons thus stated both of the grounds urged for a dismissal are sustained and the cause dismissed.