## BENDER v. FEDERAL FARM MORTGAGE CORPORATION.

### No. 11256.

Circuit Court of Appeals, Eighth Circuit.
Oct. 26, 1938.

William Lemke, of Fargo, N. D. (C. Liebert Crum, of Bismarck, N. D., and

Harry A. Weaver, of Fargo, N. D., on the brief), for appellant.

A. L. Quilling, of St. Paul, Minn. (John Thorpe, Michael A. Schmitt and Edward R. Baird, all of St. Paul, Minn., on the brief), for appellee.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from an order and decree of the District Court which granted the motion of appellee, the Federal Farm Mortgage Corporation, to vacate the decree of adjudication of appellant, Jacob Bender, as a bankrupt under Section 75 (s) of the Bankruptcy Act, 11 U.S.C.A. § 203 (s).

The various proceedings which were had in the case were as follows: On November 5, 1937, appellant filed his petition and schedule under Section 75 (a–r) of the Bankruptcy Act, 11 U.S.C.A. § 203 (a–r), which petition was approved and the matter referred to the Conciliation Commissioner. Notice of hearing was given, proofs of claim were filed, and the debtor submitted his proposal for an extension of time and composition. He was examined on December 2, 1937, and the following facts were shown:

Debtor, a farmer, aged forty-three, owns 240 acres of land in North Dakota and has been renting and farming 120 acres in addition. He is unmarried, but his father and mother are dependent upon him for support. His total assets were valued at about $1,500. He values his land at $600, it being worth about $2.50 an acre. It is mortgaged to the Federal Land Bank and the Federal Farm Mortgage Corporation. The debtor estimated his secured indebtedness at $2,955, and his unsecured indebtedness at $1,110 plus taxes in the amount of $117 making a total indebtedness of $4,182.00.

He has some cattle and horses on his farm and has completed his plowing for 1938. He has sufficient seed, equipment and capital (soil conservation payments and equity in personal property) to go ahead with his farming in a normal manner, and estimates his probable net average income for the next three years will be about $450 a year if he has good crops.

In case the application of such income does not pay the amount of his debt within

three years, or the value of the security, the debtor proposes, before the expiration of said time, to refinance such remaining amount by securing a loan or disposing of property, or both.

The creditors whose claims were filed and allowed failed to accept the debtor's composition and extension of time proposal. Thereupon, debtor filed his amended petition under Section 75 (s) of the Bankruptcy Act. This was allowed, and he was adjudicated a bankrupt by the lower Court on December 20, 1937, and the matter was re-referred to the Conciliation Commissioner.

Appraisers were appointed, and they appraised debtor's property at $1,517.80.

The appellee, Federal Farm Mortgage Corporation, who is the holder of a first mortgage upon the debtor's land in the principal amount of $2,000, which mortgage is in default for nonpayment of interest and taxes, having refused to accept debtor's proposal, made a motion for the vacating of the decree adjudicating debtor a bankrupt and for the dismissal of debtor's petition. A hearing was had on February 2, 1938, before the Conciliation Commissioner who denied the motion, stating that he was convinced that the debtor acted in good faith and that his proposal was fair to all the creditors and offered a feasible method and prospect of rehabilitation.

Thereupon, appellee, Federal Farm Mortgage Corporation, petitioned for a review by the District Court, whereupon said Court reversed the order of the Conciliation Commissioner and dismissed debtor's petition in bankruptcy, the Court citing In re Palmer, D.C., 21 F.Supp. 628, and In re Anderson, D.C., 22 F.Supp. 928. The court did not file any opinion with said order, but cited in the order the two cases above mentioned.

From said order, judgment and decree, the present appeal was allowed on May 10, 1938.

The debtor urges three grounds for reversal:

(1) The Court below failed to file an opinion assigning its reasons for dismissing the debtor's petition.

(2) That Court was without power to dismiss the petition.

(3) If that Court had the power to dismiss the petition, the order of dismissal constituted an abuse of discretion.

1. The first ground cannot be sustained. The petition of the Federal Farm Mortgage Corporation for a dismissal of the debtor's petition was based upon the express grounds that the transcript of the proceedings had before the Conciliation Commissioner clearly showed that there was no reasonable probability of the debtor's accomplishing a financial rehabilitation within any stay period which might lawfully be allowed and that the debtor had not offered any equitable or feasible plan for his financial rehabilitation. It is obvious that the Court below was of the opinion that no reasonable hope for the debtor's financial rehabilitation existed, and that eventually liquidation was inevitable, and that the proceedings should be halted. This can be gathered not only from the grounds assigned for dismissal by the Federal Farm Mortgage Corporation, but also from the cases referred to by the Court.

2. The appellant in his brief states: "It is our contention that it was the intent of Congress and that that intent is expressed in plain, simple language, that a farmer who fails to obtain a composition and extension of time from his creditors has the absolute legal right to amend his petition to a petition of bankruptcy. We maintain that no court under any provision of the Act is justified to deny a farmer the right to go through bankruptcy under the provisions of Subsection (s) of Section 75."

We shall concede, without deciding, that the language of Section 75 (s) is capable of the interpretation which the appellant contends for; but that interpretation is contrary to the construction which the Supreme Court has placed upon Section 75 (s) in the opinion delivered by Mr. Justice Brandeis in the case of Wright v. Vinton Branch, 300 U.S. 440, page 462, 57 S.Ct. 556, 561, 81 L.Ed. 736, 112 A.L.R. 1455, as we read that opinion. The Supreme Court said (page 462 of 300 U.S., 57 S.Ct. page 561): "Paragraph 3 authorizes the court to have the property sold if 'at any time' the debtor should fail to comply with orders of the court issued under its power to require interim payments on principal, or otherwise in the course of its 'supervision and control' of his possession. Paragraph 3 also provides that 'if * * * the debtor at any time * * * is unable to refinance himself within three years,'

the court may close the proceedings by selling the property. This clause must be interpreted as meaning that the court may terminate the stay if after a reasonable time it becomes evident that there is no reasonable hope that the debtor can rehabilitate himself within the three-year period.[6]"

Then follows this footnote (pages 462, 463 of 300 U.S., 57 S.Ct. page 562):

"[6] This construction is in harmony with the requirement of good faith in the initiation of proceedings under section 75. Relief under section 75 (s) may be obtained only by one who has made a bona fide attempt, and has failed, to effect a composition under section 75, (a) to (r), 11 U. S.C.A. § 203(a–r). The offer of composition must be in good faith [section 75, (c), (i), 47 Stat. 1471, 1472], and if the debtor is beyond all reasonable hope of financial rehabilitation, and the proceedings under section 75 cannot be expected to have any effect beyond postponing inevitable liquidation, the proceedings will be halted at the outset. The practical administration of section 75 in the lower courts already affords ample evidence of the substantial protection afforded the creditor by this requirement of good faith in the initiation of proceedings under subsections (a)–(r). See In re Borgelt [7 Cir.], 79 F.2d 929; Dallas Joint Stock Land Bank v. Davis [5 Cir.], 83 F.2d 322, 323; Steverson v. Clark [4 Cir.], 86 F.2d 330; Knotts v. First Carolinas Joint Stock Land Bank [4 Cir.], 86 F.2d 551; In re Reichert (D.C.) 13 F.Supp. 1, 4, 5; In re Paul (D.C.) 13 F.Supp. 645, 647; In re Buxton's Estate (D.C.) 14 F.Supp. 616; In re Vater (D.C.) 14 F.Supp. 631; In re Schaeffer (D.C.) 14 F.Supp. 807; In re Duvall (D.C.) 14 F.Supp. 799; In re Byrd (D.C.) 15 F.Supp. 453; In re Wylie (D. C.) 16 F.Supp. 193, 194; In re Price (D. C.) 16 F.Supp. 836, 837. Compare In re Chilton (D.C.) 16 F.Supp. 14, 17; In re Davis (D.C.) 16 F.Supp. 960. It must be assumed that the situation of the present debtor was not beyond all reasonable hope of rehabilitation, else he could not have qualified to file his petition at the outset. Compare Tennessee Publishing Co. v. American National Bank, 299 U.S. 18, 22, 57 S.Ct. 85, 81 L.Ed. 13."

Appellant seeks to avoid the effect of the portion of the Supreme Court's opinion which holds that the right of a farmer-debtor to be adjudged a bankrupt and to remain in bankruptcy under Section 75 (s) is not an absolute right, by asserting that footnote 6, on pages 462 and 463, 57 S.Ct. page 562, is not part of the opinion in that case and does not accurately represent the views of the Supreme Court, and that that Court in several subsequent decisions has made that clear.

No case called to our attention sustains this assertion of the appellant. We have no reason to believe that the opinion delivered by Mr. Justice Brandeis, including the footnote on pages 462 and 463, 57 S.Ct. page 562, does not mean exactly what the language used signifies, namely, that the court of bankruptcy has the power and discretion to dismiss a petition for adjudication under Section 75 (s) whenever it appears that no reasonable hope for the financial rehabilitation of the debtor exists and that the liquidation of his property is inevitable. The cases of First National Bank & Trust Co. v. Beach, 301 U.S. 435, 57 S.Ct. 801, 81 L.Ed. 1206, and Adair v. Bank of America, etc., Ass'n, 303 U.S. 350, 58 S.Ct. 594, 82 L.Ed. 889, do not deal with the question here presented. That this Court is committed to the view that the Supreme Court in Wright v. Vinton Branch, supra, held that a court of bankruptcy might dismiss a petition for rehabilitation of a farmer-debtor under Section 75 (s), is indicated by the opinion in First Nat. Bank v. Conway Road Estates Co., 8 Cir., 94 F.2d 736, 739. In that opinion, after citing the case of Wright v. Vinton Branch, supra, among other cases, Judge Thomas said [page 739 of 94 F.2d]: "Considering the act itself and all these decisions it is apparent that it is the duty of the District Court to bear in mind the purpose and function of 77B [11 U.S.C.A. § 207] at every step of the proceedings; and whenever it appears that rehabilitation of the debtor is impracticable or that injunctive relief is not sought in good faith the court in the exercise of a sound discretion should refuse the debtor further aid in harassing lienholders."

See, also, Price v. Spokane Silver & Lead Co., 8 Cir., 97 F.2d 237, 246. It is true that the decisions of this Court just referred to deal with Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, but the analogy between proceedings for reorganization of a corporate debtor and those for

rehabilitation of a farmer-debtor is pointed out in the opinion in Wright v. Vinton Branch, in which it was said (page 467 of 300 U.S., 57 S.Ct. page 564): "The farmer's proceeding in bankruptcy for rehabilitation, resembles that of a corporation for reorganization."

3. Did the Court below abuse its discretion in dismissing the debtor's petition on the ground that there existed no reasonable hope for his financial rehabilitation and that the liquidation of his property was inevitable?

The picture presented by the evidence is that of a farmer with a farm mortgaged for three or four times what it is reasonably worth; a farmer who has had virtually no income from his farm for five years; who has been unable to pay either taxes on his land or interest upon his secured indebtedness; whose necessities have been so great that he has even misappropriated money derived from the sale of some of his mortgaged cattle; and who has two dependents, and no other source of income aside from his farm. It seems apparent that the Court below might reasonably have believed from the evidence that it was doubtful whether the appellant, after paying taxes on the farm and for the maintenance of himself and family, could even pay a reasonable rental; that it was improbable that within a term of three years he could pay into Court the appraised or re-appraised value of his farm; and that it was highly improbable that he could ever liquidate or refund his secured indebtedness in full.

We are, therefore, of the opinion that the Court below did not abuse its discretion in dismissing the debtor's petition and terminating the debtor's proceeding.

Cases supporting the views which we have expressed,—in addition to Wright v. Vinton Branch, supra, and cases cited in the above-quoted footnote to that case,—are: Massey v. Farmers & Merchants Nat. Bank & Trust Co., 4 Cir., 94 F.2d 526; Pearce v. Coller, 3 Cir., 92 F.2d 237; O'Connor v. Mills, 8 Cir., 90 F.2d 665; In re Cox, D.C., 22 F.Supp. 925; In re Palmer, supra.

The order and decree appealed from are affirmed.