## In re DIONNE.

District Court, D. Maine, N. D.
Nov. 22, 1937.

Joseph E. Hall, of Portland, Me., for debtor.

Bernard Archibald, of Houlton, Me., S. T. Campbell, of Island Falls, Me., O. L. Keyes, of Caribou, Me., John Pelletier, of Van Buren, Me., Wm. B. Nulty and L. A. Pierce, both of Portland, and R. W. Shaw, of Houlton, Me., for creditors.

PETERS, District Judge.

The petition in this matter has been dismissed and a motion for adjudication denied. As counsel for the petitioner has indicated a possible intention of appealing, it is proper that reasons for the above action be set down.

The facts of the case are substantially as follows: In May last the debtor filed his petition as a farmer under section 75 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 203). On June 7th it was approved as properly filed and referred to a conciliation commissioner. The commissioner called and held the first meeting of creditors on June 28th when the debtor was examined and an order was made by the commissioner that the debtor file his offer of composition or extension on or before July 26th, the time being later extended to August 26th on petition of the debtor.

No offer of composition or extension has ever been filed.

The debtor's schedules show secured claims as follows:

First National Bank of Van Buren, now in the hands of a receiver, a note of $8,500, secured by a mortgage of a farm stated by the debtor in his schedules and in the inventory to be worth $12,000. This mortgage indebtedness was claimed by the receiver before the commissioner to be $7,877.

Pierre Boucher. Note of $1,365, proved before the commissioner as $1,408, secured by mortgage of chattels stated by the debtor to be worth $2,000.

The estate of Cerice Lebel. Note for $725, proved before the commissioner for $729, secured by a mortgage of chattels said to be worth $900.

The following unsecured debts were listed in the schedules:

Van Buren Trust Company. Note of $475. This debt apparently was not presented to the commissioner.

Napoleon Dionne. An execution listed at $4,000. Before the commissioner the amount claimed was $4,463, but this was objected to by the debtor.

On August 21st an amendment to the schedules was filed with a petition, the substance of the allegations being that the debtor desired to reduce or remove from consideration the mortgage to the Van Buren Bank on the ground that it was given by the debtor to secure an accommodation indorsement and that "the bank has never made any adequate attempt to collect said notes from the primary debtor." The assertion was also made that the execution of Napoleon Dionne was not a legitimate claim because it was issued on a judgment obtained by default in the state court. The amendment was not allowed.

In the meantime, and during the summer, the debtor, through his attorney, was making unsuccessful efforts to borrow enough money from the Federal Home Loan Bank to pay 50 per cent. on his indebtedness, and from the correspondence that has been submitted to me it appears that he made offers of 50 per cent. to creditors, but the offers were understood to be conditional upon obtaining the money from the bank. It seems, also, that the holders of the execution for approximately $4,000, set down in the schedules as an unsecured debt, had previously brought a suit and attached real estate of the debtor. Neither the receiver of the bank nor the holder of the execution was willing to accept 50 per cent. of his debt in full settlement.

Unless the debtor could make a settlement with the receiver of the bank, he could not bring about a composition, because the bank's debt was more than one-half the total indebtedness of the debtor. Finally realizing the futility of his efforts, the debtor abandoned his efforts and filed a petition for adjudication and further proceedings under section 75(s), as amended (11 U.S.C.A. § 203(s). No effort was made by the debtor to obtain any extension of the mortgages.

There was apparently no reason why the receiver of the bank should accept less than the total amount of his claim, which was legitimate and perfectly well secured, and I cannot see where the debtor could have any reason to think that the receiver would discount 50 per cent. of his claim. He certainly would not be allowed to do so by any court having jurisdiction of his trust.

Finally, by an order of court, the debtor and all other persons interested were directed to show cause on November 9th why the petition should not be dismissed, and on that date, no one appearing in opposition, the petition was dismissed and the motion for adjudication denied.

■ The act calls for good faith in both the offer and the acceptance of a composition proposal. Good faith in making the proposal must be established. That means something beyond honest endeavor. The offer must be a fair one and must be in reasonable proportion to the value of the debtor's property. An offer must be definite and unconditional and not dependent upon the debtor's being able to carry it out if accepted. Anything short of this is negotiation and cannot be properly called a composition proposal. Proper procedure also calls for the filing of the composition offer in court within the time fixed therefor.

■ The theory of the law seems to be that the farmer, who is given special consideration, is permitted to make a settlement binding upon all his creditors, secured and unsecured, if he can get a majority in number and amount to agree; but he must make a fair and reasonable proposal. Nothing less may be approved by the court.

In re Borgelt (D.C.) 10 F.Supp. 113, 117, District Judge Major, in an opinion, the reasoning of which was expressly approved by the Circuit Court of Appeals in 79 F.2d 929, used this language: "The offer of composition made was indefinite and uncertain, contingent on debtor's ability to negotiate a loan, and, in addition to that, the amount conditionally offered was out of all proportion to the value of the lands in question. * * * The offer of composition was for about half of such amount." (The value of the debtor's lands). "It cannot be said, in my opinion, that a debtor who offers a proposal of composition to his secured creditors of an amount so disproportionate to the fair and reasonable value of his property is acting in good faith."

In the instant case no proposal was filed in court, no unconditional offer was made, or if it appears to be so on its face it was understood by the parties to be conditional, and no offer was even suggested which any reasonable person would ever think would be accepted by the creditor holding more than half the total indebtedness. Any composition involved the consent of the receiver of the Van Buren Bank, and it was obviously absurd to offer him 50 per cent. of $7,877 when he had a good mortgage on property worth $12,000.

In such offers as he made, the debtor did not proceed in good faith, as that term is used in the statute. The court could not confirm such a proposal even if it had been agreed to by the creditors.

The debtor doubtless realized that his efforts were futile and could not possibly result in any composition when he asked to amend the petition and be adjudicated a bankrupt under section 75(s), but he is not in good standing there for the reason that he has not proceeded properly under subsections (a) to (r) inclusive (as amended, 11 U.S.C.A. § 203(a–r).

The statute provides two methods for relief of a farmer who is in financial distress; one with the consent of his creditors and one without. A resort to the second method is not permitted until the farmer has exhausted the possibilities of the first, and can show that he has failed in an attempt made in the way provided by law. It is only when a fair and reasonable proposal has been rejected by creditors that the farmer can get the benefits of subsection (s). There must be a proposal to the creditors in the way contemplated by subsections (a) to (r) inclusive, and a disagreement between the creditors and the debtor, before he can take advantage of subsection (s). This is very clearly stated by Judge Chesnut in Re Schaeffer (D.C.) 14 F.Supp. 807, 811, when he said: "It seems quite clear from section 203 as a whole that the farmer must first have submitted to his creditors a proposal which 'in good faith contains an equitable and feasible method of liquidation for creditors,' and is for their best interests as well as his own. Unless and until the farmer has made such a proposal which the court can subsequently find complies with these characteristics, subsection (s) is not available to him."

In the case of Steverson v. Clark (C.C.A.) 86 F.2d 330, the court said: "The judge below approved findings by the Conciliation Commissioner to the effect that an offer of composition and extension had not been made in good faith by the bankrupt; and he accordingly refused an adjudication of bankruptcy and dismissed the proceedings on that ground. * * * We find nothing in the record which would justify us in disturbing the order of the District Judge approving the findings of the Conciliation Commissioner, and we agree that these afford sufficient ground for denying the adjudication and dismissing the proceedings."

Petition for writ of certiorari in this case was denied by the Supreme Court on March 1, 1937, 300 U.S. 666, 57 S.Ct. 508, 81 L.Ed. 874; In re Borgelt, supra; In re Samuelson (D.C.) 8 F.Supp. 473; In re Ballard (D.C.) 10 F.Supp. 549.

The situation in this case and the law applicable to it seemed to the court to require the action that was taken in dismissing the petition and denying the motion for adjudication looking to further proceedings under section 75(s).