**In re BORGELT et al.**

**BORGELT et al. v. BOHNE et al.**

**No. 5500.**

Circuit Court of Appeals, Seventh Circuit.

Nov. 23, 1935.

Ira J. Covey and Howard White, both of Peoria, Ill., for appellants.

E. D. McLaughlin and Richard J. Kavanagh, both of Peoria, Ill., for appellees.

Before SPARKS and ALSCHULER, Circuit Judges, and HOLLY, District Judge.

SPARKS, Circuit Judge.

This appeal is from a decree of the District Court dismissing appellants' petitions for proceedings under section 75 of the Bankruptcy Act (11 U.S.C.A. § 203) and dissolving a restraining order previously entered whereby appellees had been enjoined from securing a master's deed pursuant to a foreclosure proceeding.

The court found the facts specially, and they are substantially as follows: Benjamin F. and Charles W. Borgelt were farmers engaged primarily in farming operations on a half section of land in Fulton County, Illinois, which they had formerly owned. This land is the main subject of controversy in this action. A trust deed covering the real estate was given by them to O. D. Covington, Trustee, for a loan of $25,000 from Alexander D. Cullinane, now deceased. That mortgage was foreclosed in the proper state court, and under that decree the real estate was sold on November 8, 1933, for $28,000, to appellees, and they or some of them, on that date received, and are now the owners of the certificate of purchase issued by the master in chancery on that date. The appellees are the executors of the estate of Alexander D. Cullinane, deceased, and the legatee and devisee under his will. On November 7, 1934, appellants filed their petitions for relief under section 75, and for an order restraining all persons from proceeding further in the foreclosure suit. Thereupon, the court approved the petitions and issued the restraining order. The matter was then referred to the conciliation commissioner and a hearing was had. The debtors there made the following offer:

"The above named debtor, Benjamin F. Borgelt, after examination by his creditors, now comes and makes this offer of composition jointly with his brother, Charles W. Borgelt, who is simultaneously petitioning under Section 75 * * * and who is jointly liable with this debtor for the debts sought to be compromised;

"To * * * (appellees) the sum of $12,000 and any other proceeds representing the net amount which debtor and his brother can realize on the new loan from The Federal Land Bank of St. Louis, securing the same by first mortgage on their farm; and

"To * * * (appellees) all the proceeds of the rent of said real estate now in the hands of the Receiver now acting under said foreclosure decree; and

"To all other creditors not secured by the mortgage of this debtor and Charles W. Borgelt on said real estate as their interests now appear, all of petitioner's personal property of any nature whatsoever, except household goods."

The commissioner afterwards made his report to the court that appellants had failed to obtain a composition or extension agreement with their creditors. Within ten days from the filing of that report appellants filed amendments to their petitions asking to be adjudged bankrupts under subsection (s) of section 75 (11 U.S.C.A. § 203(s). Thereupon, appellees filed their petition praying that the restraining order be dissolved and that appellants' amended petitions be dismissed.

In the schedule filed with appellants' petitions, they valued the real estate at $29,000. As a result of the foreclosure sale a deficiency judgment of $4000 was rendered against appellants who owed other obligations of about $5000. Aside from the land, they owned assets of the probable value of $4600.

A receiver had been appointed by the state court in the foreclosure proceedings to take charge of the farm land and he had done so long prior to the filing of appellants' original petitions, and he was in possession of the premises at the time appellants' petitions were filed.

At the argument on the petition to dissolve the injunction and to dismiss appellants' petitions, appellants requested, if the court thought their offer was insufficient, that the court would re-refer the case to the conciliation commissioner for further proceedings.

Upon these findings the court concluded in substance as follows: (1) That the court had jurisdiction of the parties and the subject matter; (2) the offer of composition was not in compliance with subsections (a) to (r) of section 75 of the Bankruptcy Act (11 U.S.C.A. § 203 (a-r), and the failure to obtain the acceptance of such offer could not constitute a basis for the debtors' rights to amend their petitions so as to be adjudged bankrupts under subsection (s); (3) that at the time the debtors filed their petitions they had no interest in the real estate in question which could be administered under subsec-

tion (s); (4) that no useful purpose could be served by permitting the debtors to have the case again referred to the conciliator.

Thereupon, the court decreed that the restraining order be dissolved, and that appellees be authorized and permitted to surrender their certificate of sale and receive the master's deed for the real estate. The decree further dismissed appellants' petitions.

Upon the facts thus disclosed appellants contend (1) that they were entitled to be adjudged bankrupts under their amended petitions; (2) that they were entitled to have their matters re-referred to the conciliator for further proceedings; (3) that when they filed their petitions they had such an interest in the real estate in question as could be administered under subsection (s) of section 75; (4) that the restraining order was erroneously dissolved; and (5) the amended petitions were erroneously dismissed.

As to appellants' first contention, it may be conceded that subsection (s) of section 75 permitted one who has petitioned for a composition or an extension under certain circumstances to further ask for his adjudication in bankruptcy and for further proceedings under that subsection. The effect of that permission is to put the petitioner in unmolested possession of his entire estate, whether encumbered or not, subject, however, to the court's orders. That subsection presupposes a probability of eventual debt liquidation. It further presupposes a prior good faith effort on the part of the debtor to propose or accept a plan which is reasonably calculated to effect a debt liquidation. Here there was no bona fide plan presented by the debtors, and the conciliator after a hearing reported that fact to the court. The evidence was overwhelming that there was not only no reasonable probability of an eventual debt liquidation, but there was no possibility of that result, and the debtors were not assured that they could procure a loan of sufficient amount to carry out their so-called plan. The trial court wrote an exhaustive opinion in this case, 10 F. Supp. 113, in which he clearly sets forth the facts and the reasons for his rulings. It would serve no good purpose to repeat them here. It is sufficient to say that we approve both the reasoning and the result therein set forth with respect to the refusal to adjudge appellants bankrupts.

The statute does not provide as a matter of right for a second or subsequent reference to the conciliation commissioner. The trial court was of the opinion that a re-reference would be proper under certain circumstances which did not obtain here. It is not necessary, however, for us to pass on that question, for the court's refusal to re-refer was based on the fact that it would have been a useless thing to do under the circumstances presented. We are in accord with that ruling.

Appellants' next contention is that at the time they filed their petitions they had such an interest in the real estate as could be administered under subsection (s). That question was decided by this court adversely to appellants' contention on November 15, 1935, in LaFayette Life Insurance Co. v. Lowmon, 79 F.(2d) 887.

From what we have said, it follows that the petitions were properly dismissed and the restraining order was properly dissolved.

Decree affirmed.