KNOTTS v. FIRST CAROLINAS JOINT STOCK LAND BANK OF COLUMBIA, S. C. *

No. 4113.

Circuit Court of Appeals, Fourth Circuit.

Nov. 9, 1936.

S. B. Knotts, Jr., of Columbia, S. C., for appellant.

J. E. Belser, of Columbia, S. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal from an order refusing to adjudicate appellant a bankrupt under subsection (s) of section 75 of the Bankruptcy Act as amended by the second Frazier-Lemke Act (11 U.S.C.A. § 203(s). A motion has been made to dismiss the appeal because not allowed under section 24b of the Bankruptcy Act, as amended (11 U.S.C.A. § 47(b); but as it was taken from an order refusing to adjudge petitioner a bankrupt, we think the provisions of section 25a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 48(a) are applicable. The motion to dismiss will accordingly be denied. See Wright, Bankrupt, v. Vinton Branch of Mountain Trust Bank and five other cases (C.C.A.4th) 85 F.(2d) 973.

The judge below refused the adjudication and dismissed the petition on the ground that offers of composition and extension submitted by the bankrupt had not been made in good faith. A study of the record discloses no reason why this finding should be disturbed. Certain it is that any offer of composition must amount to naught unless accepted by the appellee; and it clearly appears that appellee will not accept any such offer. In addition to this, appellee in its petition below ('Record 17) challenged the constitutional validity of the second Frazier-Lemke Act, Bankruptcy Act § 75(s), 11 U.S.C.A. § 203(s) under which adjudication was sought by appellant; and while the judge below did not find it necessary to pass upon the constitutional question thus presented, we cannot ignore our recent holding that this act is void because violative of provisions of the Fifth Amendment to the Constitution. Wright v. Vinton Branch of Mountain Trust Bank, supra. Appellant argues that the question of the constitutionality of the act is not raised on the appeal; but the practice in this court of considering grounds additional to those passed upon by the court below in support of the judgment and decree is too well settled to permit of discussion. Certainly the court should not put itself in the absurd position of remanding a case for

*Writ of certiorari denied 57 S. Ct. 436, 81 L. Ed. —.

further proceedings under a statute which it has just held unconstitutional. In any aspect of the case, therefore, the judge below properly denied the adjudication and dismissed the petition.

The motion to dismiss the appeal will be denied, and the order appealed from will be affirmed.

Affirmed.