**BAXTER v. SAVINGS BANK OF UTICA, N. Y., et al.\***

**No. 8335.**

Circuit Court of Appeals, Fifth Circuit.

Oct. 18, 1937.

*Rehearing denied Dec. 8, 1937.

Irving Knott Baxter, of Grantville, Ga., in pro. per.

Wm. A. Fuller, A. W. Clapp, and Edwin L. Sterne, all of Atlanta, Ga., Stanford Arnold and Robert O. Jones, both of Newnan, Ga., and James F. Hubbell and Edmund J. Wager, both of Utica, N. Y., for appellees.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from the revocation of an order of adjudication entered on the amended petition of the bankrupt in proceedings under section 75 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 203).

The bankrupt, appellant, resided and practiced law in Utica, N. Y., a great many years prior to February, 1935, at which time he moved to Grantville, Ga. In October, 1935, he filed his petition under section 75, seeking to effect a composition or extension of his debts. The usual proceedings were had on this petition, the schedule of assets and appraisal disclosing that farm property constituted only a small part of appellant's estate, and that the potential income from his farming operations was very small as compared with that of his other property. Appellant's offer of composition proposed a three-year extension of all his debts and the interest thereon without prejudice to any further application or petition which appellant might address to the court. Failing to obtain the acceptance of the required number of creditors to effect a composition, appellant filed his amended petition praying that he be adjudged a bankrupt and for additional relief under subsection (s) of section 75 of the act (as amended, 11 U.S.C.A. § 203 (s), and an order was entered thereon. Thereafter, on notice and hearing, the court set aside the order of adjudication and dismissed the proceeding.

This appeal was perfected under the provisions of section 24a of the act (as amended, 11 U.S.C.A. § 47(a), and a motion to dismiss the appeal, as being improperly brought, has been filed in this court by appellees. The questions considered here being questions of law, and the record here being sufficient to present the case, the appeal will be treated as having been perfected under section 24b of the act (as amended, 11 U.S.C.A. § 47(b). Holden v. Stratton, 191 U.S. 115, 24 S.Ct. 45, 48 L. Ed. 116; Duryea Power Co. v. Sternbergh, 218 U.S. 299, 31 S.Ct. 25, 54 L.Ed. 1047.

The entry of the order appealed from was the consequence of two conclusions reached by the District Court: First, that appellant was not primarily engaged in farming operations, nor was the principal part of his income derived therefrom; and, second, that no bona fide offer of composition or extension had been made.

There is no conflict in the evidence upon which these conclusions are based.

■ The evidence discloses that appellant gave up his law practice just prior to moving to Georgia on account of his. health; that he had already acquired the property involved; and that thereafter he devoted his entire time to the management thereof, which included the superintendence of the farming operations. While it is true that appellant may have performed some of the functions of a farmer, his occupation may be more accurately described as property management. The evidence amply sustained the conclusion of the court that appellant was not a farmer within the meaning of the act (section 75(r), as amended 11 U.S.C.A. § 203(r). Cf. In re Day (D.C.) 10 F.Supp. 229.

■ The finding of lack of good faith is equally well supported. It has been pointed out that good faith in this connection means more than the absence of actual fraud. In re Schaeffer (D.C.) 14 F.Supp. 807. A bona fide effort to compromise with creditors is made a prerequisite to the relief afforded under subsection (s). The offer made was that appellant be given that relief without the additional proceedings and without subjecting his income to the payment of rent or subjecting himself to the jurisdiction of the court during the three-year period of suspension. Obviously, the creditors would have preferred to have appellees proceed under subsection (s). Such an offer could hardly have been made for any purpose other than to secure its speedy rejection. The primary purpose of section 75 is the composition and extension of the debts of distressed farmers. The function of subsection (s) is to provide temporary relief to those who might be able to adjust their difficulties but have failed in the preliminary proceeding. Its presence in the act has the additional effect of providing an inducement to secured creditors to accept a feasible plan when offered. Thus, its presence in the act is in aid of the composition provisions, resort to which is made a prerequisite to the relief afforded. It may not be treated as an end in itself, with the other proceedings as mere procedural steps to be taken toward the relief there afforded. It follows that the offer of composition or extension was not made in good faith. Cf. In re Hilliker (D.C.) 9 F.Supp. 948.

■■ The order setting aside the adjudication under subsection (s) was correct.

This was necessary to withdraw the case from the conciliation commissioner and to terminate such proceedings as had already begun. However, the court was not without jurisdiction of the amended petition, nor had its jurisdiction been exhausted. Attention is called to the prayer of the amended petition, which reads as follows: "Wherefore, your petitioner prays that he may be adjudged by the Court to be a bankrupt in accordance with the acts relating to bankruptcy and all acts amendatory thereof." This prayer is substantially the same as that of form No. 1 promulgated by the Supreme Court for ordinary bankruptcy cases. The allegations of the petition and related documents on file in the case are sufficient to support the adjudication in bankruptcy. The proper procedure, after nullifying all proceedings under subsection (s) of section 75, would have been to adjudicate and refer under section 22 of the act (11 U.S.C.A. § 45). The bankrupt remains subject to the jurisdiction of the court, and such proceedings as are necessary for the administration of this estate may be had on the record as it now stands, including such amendment of schedules and additions thereto as it may be necessary to require of the bankrupt. For this purpose the cause is reversed and remanded to the District Court for the administration of the estate of appellant as in ordinary bankruptcy proceedings.

Reversed and remanded for further proceedings not inconsistent with this opinion.