### SHEETS v. LIVY et al.
### No. 4337.

Circuit Court of Appeals, Fourth Circuit.
June 21, 1938.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

Charles Curry, of Staunton, Va., for appellant.

Robert A. Fulwiler, Jr., of Roanoke, Va., and J. Wesley Taylor, of Staunton, Va., for appellee Marguerite F. Livy, adm'x.

PER CURIAM.

The District Judge dismissed without hearing an amended petition of the farm debtor in which he prayed to be adjudged a bankrupt in accordance with the Act relating to bankruptcy and all Acts amendatory thereto, including Subsection (s) of Section 75 of the Act, 11 U.S.C.A. § 203(s), to the end that all relief, special and general, to which he might be entitled might be granted him. Previously the debtor had filed a petition under Section 75. The matter had been referred to a Conciliation Commissioner, schedules of assets and liabilities and proofs of claims of creditors had been filed. A proposal of extension or composition had been made by the debtor, and the Conciliation Commissioner had certified to the court that only two claims had been filed and allowed, that the proposal had been rejected by a creditor whose claim was secured by deed of trust and constituted by far the larger part of the indebtedness, and that the debtor had failed to obtain acceptance in writing by the creditors of his offer.

The proposal included an offer on the part of the debtor to convey to the large secured creditor certain notes and a number of pieces of real estate of stated value, and to pay to the other creditor the amount of his debt in three equal payments in twelve, eighteen and twenty-four months respectively. While the case was in the hands of the Conciliation Commissioner, the debtor was examined at length as to the value of his scheduled property and also as to the value of the properties which he proposed to turn over to his creditor, and of the properties which he proposed to retain; and the creditors made the point during the hearing that the proposal was so unreasonable as to be lack-

ing in food faith in that, amongst other reasons, he had grossly exaggerated the value of the properties which he proposed to convey in settlement of the secured indebtedness, whilst retaining for himself properties of much greater value. But the Conciliation Commissioner made no attempt to pass on the question of good faith and reported merely that the proposal had not been accepted.

■ There was abundant evidence, most of which was given by the debtor himself, from which lack of good faith in his proposal might readily have been inferred. Accordingly, the District Judge, acting with commendable promptness, filed an opinion nine days after receiving the Commissioner's report in which he reached the conclusion that the proposal was merely a gesture which was made for the sole purpose of laying a foundation for the filing of a petition under Subsection (s) of Section 75, and that in fact the debtor had made no fair and sincere offer to effect a payment of his debts through composition. He therefore found that the debtor had not made a bona fide effort to agree with creditors upon a composition or extension, and ordered that the amended petion be denied and the proceeding dismissed. It is well established that a bona fide effort to compromise with creditors is a prerequisite to the relief afforded under Subsection (s). Steverson v. Clark, 4 Cir., 86 F.2d 330; Knotts v. First Carolinas Joint Stock Land Bank, 4 Cir., 86 F.2d 551; Baxter v. Savings Bank of Utica, 5 Cir., 92 F.2d 404; In re Schaeffer, D.C., 14 F.Supp. 807.

■ The District Judge was nevertheless in error in denying the amended petition and dismissing the proceedings for two reasons. It was improper, no matter how strong the evidence of lack of good faith, to take this action without notice to the debtor and an opportunity to be heard. The District Judge seems to have relied on the decision of this court in Massey v. Farmers & Merchants National Bank, 4 Cir., 94 F.2d 526, in which the decision of the lower court was affirmed although it was charged that a petition under Section 75 had been dismissed without notice to the debtor. But it was pointed out in that case that a report of the Conciliation Commissioner that the debtor's petition had not been filed in good faith had been lodged with the court for twenty-one days without exception before the court filed its opinion sustaining the report of the Commissioner and dismissing the case; and it was emphasized that in companion cases debtor's counsel had had an opportunity to present their views on the question of good faith before the case was finally disposed of. In contrast with such procedure, it is noteworthy that in the pending case the amended petition of the debtor was filed in court on the same day as the report of the Conciliation Commissioner, which certified the rejection of the debtor's proposal and made no mention of the question of good faith; and that within nine days thereafter the case was dismissed by the District Judge in a decree based upon an opinion in which for the first time the issue of good faith was decided. We are of opinion that the dismissal of the proceedings in this manner amounted to a denial of due process. See Davis v. Shackleford, 8 Cir., 91 F.2d 148, where it was held that an order of the District Court dismissing a petition under Section 75 on jurisdictional grounds was invalid since it was entered without notice to the debtor and without hearing; and see generally Morgan v. United States, 58 S.Ct. 773, 82 L.Ed. ——.

■ In the second place, we are of opinion that even though the debtor was not entitled to the benefits of Section 75 of the National Bankruptcy Act, he was entitled to an adjudication under Section 22 of the Act, 11 U.S.C.A. § 45, under the prayer of his amended petition wherein he asked that he might be adjudged a bankrupt in accordance with the Acts relating to bankruptcy and all Acts amendatory thereto, including Subsection (s) of Section 75. We are in accord with the conclusions of the court in Baxter v. Savings Bank of Utica, 5 Cir., 92 F.2d 404, wherein it was held under similar circumstances that the jurisdiction of the court had not been exhausted. The allegations of the petitioner in the instant case were that he was unable to meet his debts as they matured and he was therefore entitled, upon his voluntary petition, although a farmer, to the benefit of the general provisions of the Bankruptcy Act.

The order of the District Court must therefore be reversed and the case remanded for further proceedings in accordance with this opinion.

Reversed and remanded.