## DOAK v. FEDERAL LAND BANK OF BALTIMORE.*
### No. 4368.

Circuit Court of Appeals, Fourth Circuit.

Oct. 12, 1938.

John W. Cleaton, of Washington, D. C., for appellant.

Peyton G. Jefferson, of Baltimore, Md. (John L. Bitner, of Baltimore, Md., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges.

PER CURIAM.

This appeal is taken from a decree of the District Court whereby the report of the Conciliation Commissioner in proceedings for a composition or extension of debts of a farmer under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, was confirmed. The petition of the debtor was accompanied by ⍟ bankruptcy schedules which showed liabilities of $11,450.88, including taxes and other debts preferred by law in the sum of $688.96, secured claims in the sum of $7,921.92 and unsecured claims in the sum of $2,840, and assets in the sum of $19,691, consisting of 195 acres of improved land valued at $8,091, unimproved land valued at $1,800, personal property valued at $800, and a claim against a Power Company valued at $9,000.

Among the secured claims was that of the Federal Land Bank of Baltimore, based on a loan of $5,700 at 5% made on November 24, 1917, upon which, owing to unpaid interest and taxes, the sum of $6,389.43 was due on June 4, 1937 according to the schedules filed with the petition and $6,-544.99 was due on November 26, 1937 according to the evidence. This loan was secured by mortgage on the improved farm occupied by the debtor. The debtor had made no payment to the bank since 1931, and in addition the bank had advanced taxes for four years in the aggregate sum of $379.64. Taxes for the three years preceding the filing of the petition had not been paid.

The petition of the debtor was approved by the court as duly filed, and the matter was referred to a Conciliation Commissioner. A proposal for composition or extension of debts, submitted by the debtor, provided in substance that the debtor should provide the total sum of $4,500 to be paid as follows: $225 per annum for a period of fifteen years to be distributed amongst his secured creditors proportionally; $50 per annum for a period of fifteen years to be paid to his judgment and other preferred creditors proportionally, and $25 per annum for a period of fifteen years to be paid to his unsecured creditors proportionally. The proposal provided that upon the expiration of the term of fifteen

*Writ of certiorari denied 59 S.Ct. 253, 83 L.Ed. —.

years the debtor should be absolved from any further payments, and that the claims of the creditors should then be fully satisfied both as to principal and interest. Interest on all debts, computed to the date of the acceptance of the proposal, was to be added to the principal and thereafter no interest was to be charged on the debts.

A first meeting of creditors was set for November 2, 1937. The hearing was continued until November 16, 1937 and later to November 26, 1937 after notice to all parties, so as to give the debtor time to submit his proposal in writing. At the meeting on November 26, 1937 the debtor was examined and testified that in 1937 he did not plant any crops; that he had realized nothing from crops on the farm for several years; that the stock and farming implements used on the farm belonged to his sons; that he had no income of any consequence other than that derived from the farm and that there had been no profits from the farm. He further testified that the claim against the Power Company for $9,000, listed among the assets, was unliquidated and undetermined.

The Federal Land Bank at the hearing notified the Conciliation Commissioner that it rejected the proposal of the debtor and moved that his petition be dismissed on the ground that it did not include a feasible method of liquidation for secured creditors and for the financial rehabilitation of the farmer; that the offer was not made in good faith and that the proposal would reduce the amount of the lien of the bank below the fair and reasonable value of the mortgaged property.

The Conciliation Commissioner reached the conclusion that the proposal was not made in good faith; that there had been no bona fide attempt by the debtor to comply with the provisions of section 75; that the debtor was beyond all reasonable hope of financial rehabilitation and that there was no showing as to how the debtor was able to meet even the proposal which he had made. The recommendation was that the petition should be dismissed.

■ Thereafter the debtor moved the court to refer the matter again to the Conciliation Commissioner, for amendment of the schedules of assets and liabilities and for further hearing on the ground that certain liabilities had been listed which should have been omitted and certain claims had been omitted which should have been listed; that the assets were erroneously listed and did not show the fair reasonable value thereof. The matter came on for hearing before the District Judge, whereupon the debtor offered to introduce evidence in support of his motion to refer the matter again to the Conciliation Commissioner, and counsel for the debtor stated to the court the substance of the proposed testimony. But the court was of the opinion and stated in the decree that the testimony, if offered, would serve no useful purpose and thereupon overruled the motion, confirmed the report of the Commissioner and dismissed the proceedings. In substance, the errors complained of on this appeal are that the court erred in confirming the report of the Conciliation Commissioner and in overruling the motion of the debtor to re-refer the case to the Commissioner for amendment of the proceedings. Insofar as the last mentioned point is concerned, there is nothing in the record to justify a reversal of the decree. The offer of proof made by counsel for the debtor is not contained in the record and we cannot assume that the ruling of the District Court was incorrect.

■ It is equally clear that there was no error in the conclusions of the Conciliation Commissioner, confirmed by the court, that the proposal was not made in good faith and did not offer a feasible method of providing for the acknowledged claims against the debtor. The total amount which the debtor proposed to pay in annual installments, aggregating $300, would have been insufficient even to pay the interest on the mortgage and taxes on the home farm and at the end of the period of fifteen years the creditors would have received no part of the principal of their indebtedness, but the total charges against the debtor's estate would have actually been increased. Yet the proposal declared that at the end of that time the claims of the creditors should be considered satisfied as to both principal and interest and releases thereof should be given to the debtor. Furthermore, the proposal ignored the scheduled value of the assets of the debtor and proposed that upon the payment of a much smaller sum his property should be released from the claims of creditors. No other evidence of the value of the assets was offered by the debtor.

The decree of the District Court will therefore be affirmed.