### SHEETS v. LIVY et al.
### No. 4403.

Circuit Court of Appeals, Fourth Circuit.

Nov. 19, 1938.

Charles Curry, of Staunton, Va., for appellant.

Robert A. Fulwiler, Jr., of Roanoke, Va. (J. Wesley Taylor, of Staunton, Va., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and H. H. WATKINS, District Judge.

PER CURIAM.

This is the second appeal in this case. On the first appeal we reversed the order dismissing the amended petition of the debtor on the ground that same had been entered without notice to him and on the further ground that he was entitled to adjudication under Section 22 of the Bankruptcy Act, 11 U.S.C.A. § 45, under the prayer of the amended petition wherein he asked that he might be adjudged a bankrupt in accordance with the acts relating to bankruptcy including subsection (s) of Section 75, 11 U.S.C.A. § 203(s). Sheets v. Livy, 4 Cir., 97 F.2d 674. Thereafter the debtor filed a supplemental petition in the court below asking relief under subsection (s) of Section 75, and that the cause be re-referred to the Conciliation Commissioner. When the matter came on for hearing, the debtor withdrew his amended petition and moved that the cause be re-referred to the Conciliation Commissioner. This motion was denied and the judge inquired whether debtor desired to be adjudicated a bankrupt under Section 22. He was assured by counsel for the debtor that this was not desired and that he desired to withdraw the petition asking adjudication in bankruptcy. The judge permitted the withdrawal of the petition, and, having denied the motion to re-refer the matter to the Conciliation Commissioner, held that there was nothing further pending before the court and dismissed the proceedings and ordered the cause closed. He then allowed an appeal to this Court from the order so entered.

Assuming, without deciding, that the matter is properly before us on the appeal allowed by the judge, we are of opinion

that the order entered was entirely proper and should be affirmed. There was no reason for re-referring the case to the Conciliation Commissioner. The matter had been fully reported to the court. Delay had been occasioned by an offer made by the debtor which had been rejected by his creditors and which the court was of opinion had not been made in good faith but for purposes of delay. Whether the cause should be re-referred to the Commissioner was a matter resting in the sound discretion of the District Judge; and we think that the discretion was properly exercised. The order appealed from will accordingly be affirmed.

Affirmed.