## In re HENDERSON.
### No. 8758.

Circuit Court of Appeals, Fifth Circuit.
Dec. 22, 1938.

Geo. M. Hopkins, of Denton, Tex., for petitioner.

No opposing counsel entered.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant, John Beverly Henderson, filed his petition praying that he be allowed to effect a composition or extension under the provisions of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. At the first meeting of creditors, called by the conciliation commissioner to whom the petition was referred, he proposed a plan of conciliation and extension, but presented no acceptances from any of his creditors and obtained none at that time. No order was entered fixing the time within which a plan might be presented, and the matter lay dormant for sixty-one days, whereupon the conciliation commissioner certified the facts with a recommendation that the petition be dismissed. On the recommendation of the supervising conciliation commissioner, the court entered an order dismissing the petition, no notice of the proposed dismissal having been given to appellant. Thereafter, and within seventy-four days after the first meeting, appellant filed his amended petition for adjudication under Section 75(s) of the Bankruptcy Act, 11 U.S.C.A. § 203(s), and, on learning that the original petition had been dismissed, prayed that the order of dismissal be set aside and the case reinstated.

The matter was referred to the supervising conciliation commissioner, who held hearings on the petition and certified his findings of fact and conclusions of law, together with his recommendation that the petition be denied. The court thereupon denied the petition, and this appeal is prosecuted from the order dismissing the original petition and the order denying reinstatement.

HUTCHESON, Circuit Judge, dissenting.

No transcript of the testimony heard by the supervising conciliation commissioner is contained in the record, but it appears that his report and findings were adopted by the court. From these findings, it appears that, during the time elapsing between the first meeting of creditors and the filing of the amended petition, appellant took no steps to procure acceptances of the plan offered, except to communicate with one of the twenty creditors affected by the plan. It further appears that the plan offered proposed that, as to nineteen creditors, he be given a three-year moratorium on his debts, including the interest thereon, without subjecting either his person or his property to the jurisdiction of the court, and without applying his income to the payment of rent during the three years, proposing to pay only five per cent interest during the period, a smaller rate of interest than was allowed by law.

In denying the petition for reinstatement, the court found that no good-faith effort to effect a composition or extension had been made, and that appellant was not entitled to the relief provided for in Section 75(s) of the Bankruptcy Act. Baxter v. Savings Bank of Utica, 5 Cir., 92 F.2d 404.

■■ Appellant challenges the action of the court on the ground that, in the absence of an order limiting the time within which he could present a plan for confirmation, he had a maximum of ninety days, under paragraph 4 of Section 50 of the General Orders, 11 U.S.C.A. following section 53, and that, since this time had not elapsed, the order of dismissal was prematurely entered. It may be questioned whether or not the debtor can make this contention, since it is implied in the General Orders that such time as is allowed by the court will be on his application, and the absence of such allowance results from an absence of a request therefor; and for the further reason that he is charged with notice of the various steps taken in the proceeding, which includes the reports of the conciliation commissioner and the supervising conciliation commissioner. Cf. Massey v. Farmers & Merchants Nat. Bank & Trust Co., 4 Cir., 94 F.2d 526.

In the present case, the finding of the court on the lack of good faith is not questioned, either in the briefs or in the record. The application to the court below for reinstatement of the petition was not that appellant be allowed to make a good-faith offer, but that he be allowed additional delay for the filing of a petition for adjudication under subsection (s). There is no apparent intention or desire to effect a conciliation or extension, but it appears that appellant's one purpose is to hinder and delay his creditors.

■ It has been pointed out that the relief afforded in subsection (s) is not an end in itself, but is ancillary to and in aid of the rehabilitation of distressed farmers, as contemplated under the preceding subsections of Section 75. The constitutionality of the section is grounded upon the principle that proceedings for the conciliation of creditors and the composition and extension of debts are within the scope of the bankruptcy provision of the Constitution, U.S.C.A.Const. art. 1, § 8, cl. 4. Such a proceeding may not be converted into a sham for the purpose of gaining whatever the petitioner wishes by way of procedural delays and hindrances to creditors, where no legitimate purpose of the act will be served. Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 462, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Steverson v. Clark, 4 Cir., 86 F.2d 330, certiorari denied 300 U.S. 666, 57 S.Ct. 508, 81 L.Ed. 874; Knotts v. First Carolinas Joint Stock Land Bank, 4 Cir., 86 F.2d 551, certiorari denied 297 U.S. 706, 56 S.Ct. 498, 80 L.Ed. 994; Baxter v. Savings Bank, 5 Cir., 92 F.2d 404; Massey v. Farmers & Merchants Nat. Bank & Trust Co., 4 Cir., 94 F.2d 526, certiorari dismissed on motion of petitioner 303 U.S. 665, 58 S.Ct. 761, 82 L.Ed. 1122; Sheets v. Livy, 4 Cir., 97 F.2d 674; Doak v. Federal Land Bank, 4 Cir., 99 F.2d 145; Cowherd v. Phoenix Joint Stock Land Bank, 8 Cir., 99 F.2d 225; Bender v. Federal Farm Mortgage Corp., 8 Cir., 99 F.2d 252.

The judgment of the district court is affirmed.

HUTCHESON, Circuit Judge.

I dissent. Sec. 203(s) Title 11, U.S.C.A. without exception, limitation or qualification provides: "(s) Any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition and/or extension proposal, or if he feels aggrieved by the composition and/or extension, may amend his petition or answer, asking to be adjudged a bankrupt."

The majority opinion, on the authority of Baxter v. Savings Bank, 5 Cir., 92 F.2d 404, denies this farmer this right.

In Bartels v. John Hancock Mutual Life Insurance Company, 5 Cir., 100 F.2d 813, this day decided, the majority is disapproving the holdings in the Baxter Case, that the right of the farmer to ask to be adjudged a bankrupt under .subsec. (s) is qualified by, indeed is dependent upon, whether his proposition for a composition under preceding subdivisions is deemed to have been made in good faith.

For the reasons given in the majority opinion in the Bartels Case, I respectfully dissent from the opinion of the majority, in this one.