## WILSON v. ALLIANCE LIFE INS. CO.
### No. 8949.

Circuit Court of Appeals, Fifth Circuit.
March 16, 1939.

Geo. M. Hopkins, of Denton, Tex., for appellant.

Mack L. Vickrey, of Dallas, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order setting aside a former order of adjudication in bankruptcy under Section 75(s) of the Bankruptcy Act, 11 U.S.C.A. § 203(s), and dismissing the proceedings, because the petition was not filed in good faith and there was no hope of rehabilitation.

During her lifetime, appellant's intestate filed her petition to effect a composition or extension of her debts, and submitted her offer at the first meeting of creditors. The offer being refused, she filed her amended petition under Section 75(s), praying to be adjudicated a bankrupt and afforded the relief therein provided. The order of adjudication was regularly entered, and proceedings for the collection of debts and enforcement of liens were stayed in accordance with the procedure prescribed in the act. Thereafter, the bankrupt died, and appellant, having qualified as administrator, petitioned to be allowed to proceed in behalf of her estate. Appellee entered its appearance in opposition to appellant's petition, alleging that the order of adjudication was improvidently entered; that no offer of composition had been made in good faith prior to adjudication; that no feasible plan of liquidation had been submitted with the offer; that there was no

reasonable hope of rehabilitation; that the land upon which appellee held a lien constituted the corpus of the estate and was worth less than the amount of the lien, leaving no equity for the estate; and prayed that the order of adjudication be set aside and the case dismissed.

On a reference to the Supervising Conciliation Commissioner, a hearing was had, after which the Commissioner found that the proposed plan of composition and extension was not made in good faith; that neither the bankrupt nor appellant had any feasible plan of rehabilitation; and that the amount of the debt to appellee was in excess of the value of the security, whereby further administration would be of no benefit to the estate. The court adopted the report of the Supervising Conciliation Commissioner, set aside the order of adjudication, and dismissed the proceeding. Relying principally upon the case of Benno Bartels v. John Hancock Insurance Co., 5 Cir., 100 F.2d 813, appellant prosecutes this appeal.

■ On the ground that the appeal was perfected under Section 24a of the Bankruptcy Act, 11 U.S.C.A. § 47 (a), whereas it should have been under Section 24b, 11 U.S.C.A. § 47 (b), appellee moves to dismiss the appeal. Since the record is sufficient to present questions of law which are determinative of the controversy, the motion to dismiss will be overruled, and the appeal will be allowed as if brought under Section 24b for the consideration of the questions of law only. Baxter v. Savings Bank of Utica, 5 Cir., 92 F.2d 404, 405, and cases cited.

■ Accepting the finding that the offer was not made in good faith and that there is no reasonable hope of rehabilitation, as we must on this appeal, appellant's contention is reduced to the proposition that the district court was without authority to set aside the adjudication and dismiss the proceeding, but was bound to continue the stay provided for or to liquidate according to the procedure and subject to the limitations provided for in the act. Following what we conceive to be the correct interpretation of the case of Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A. L.R. 1455, we have held that good faith and a reasonable hope of rehabilitation in the proceedings leading to, as well as in making, the offer of composition and extension under Section 75 of the act, 11 U.S.C.A. §

203(a)–(r) are necessary prerequisites to the benefits provided under subsection (s), 11 U.S.C.A. § 203 (s). Baxter v. Savings Bank of Utica, supra, 5 Cir., 92 F.2d 404, 406; In re John Beverly Henderson, 5 Cir., 100 F.2d 820.

■ As to the contention that the authority to dismiss does not exist in the district court, because not expressly conferred by the act, it should be noted that the general bankruptcy act contains no provision authorizing a dismissal for fraud or lack of jurisdiction. It is true that the bankruptcy court is limited in its jurisdiction, being created by statute; but, even so, it is a court of equity, within its sphere, and may protect itself from being used as an instrument of hindering and delaying creditors when the debtor, in filing the petition, was acting in bad faith and without hope of rehabilitation. To let the adjudication stand in such circumstances would be to sanction the continuation of an unwarranted imposition upon the jurisdiction of the court.

Furthermore, the petition to be adjudged a bankrupt under 75 (s) is merely an amendment to the prayer of the petition for a composition and extension under 75 (a)–(r), as to which there is express statutory authority to dismiss because not filed in good faith. The argument of appellant is reduced to this: that, although there is statutory authority to dismiss the original petition for lack of good faith, this authority is lost when the prayer of the petition is amended by asking to be adjudged a bankrupt, even though the prayer is amended under a separate paragraph of the same act.

Added to the principle that the law will not do an idle thing we have, then, to support the action of the court in dismissing the petition and amendment thereto: (1) the inherent power of a court of bankruptcy to protect its jurisdiction from abuse; (2) the express statutory power to dismiss the original petition under Section 75 (a)–(r) for lack of good faith, the prayer only of the petition being amended under paragraph (s); (3) the construction of the act by the supreme court in Wright v. Vinton Branch, supra, upholding its constitutionality on the ground that the bankruptcy court has the power to put an end to the proceedings, if not filed in good faith; (4) the opinion of Mr. Justice Brandeis, that relief under 75 (s) may be obtained only by one who has made a bona fide attempt, and has failed, to effect a composition under

Section 75 (a)–(r), followed by his statement that "if the debtor is beyond all reasonable hope of financial rehabilitation, and the proceedings under section 75 cannot be expected to have any effect beyond postponing inevitable liquidation, the proceedings will be halted at the outset." 300 U.S. page 462, 57 S.Ct. page 562. If further implication of power is needed, it is found in 75 (i), which provides that the court shall confirm the proposal if satisfied that the offer and its acceptance are in good faith.

The judgment of the district court is affirmed.

### SIBLEY, Circuit Judge (concurring).

In the case of John Beverly Henderson, 5 Cir., 100 F.2d 820, the farmer-debtor under Sect. 75 of the Bankruptcy Act had not been adjudicated a bankrupt. In the case of Benno Bartels, 5 Cir., 100 F.2d 813, he had been adjudicated. The present case falls directly under the latter decision, for Modena Wilson had been adjudged a bankrupt for about two years when the secured creditor on motion got a revocation of the adjudication and a dismissal of the proceedings. I persist in thinking the exposition of the law in the Benno Bartels case to be correct. Section 74 and Section 75, 11 U.S.C.A. §§ 202, 203, are not to be construed together as composite legislation. Each is a separate scheme to be distinguished from the other. In Section 74 any person not a corporation, whether in or out of bankruptcy, may petition in good faith and obtain the provided relief. Subsection (l) provides for an adjudication in bankruptcy of the debtor if the proceeding was commenced or prolonged for the purpose of delaying creditors or delaying an adjudication, or if confirmation of his proposal is denied, except that in the case of a farmer he must consent to adjudication. Section 75 sets up a more elaborate organization, including conciliation commissioners, and it applies only to farmers. It contains several provisions which are repetitions of what was enacted in Section 74, but this only shows that the two are independent of one another and one includes nothing merely because it is in the other. Under Section 75 the farmer-debtor who fails to obtain the consent of his creditors to his plan of extension is not liquidated as of course, as the debtor under Section 74 (l) is, but Subsection (s) permits him without any conditions whatever to amend his petition and ask to be adjudged a bankrupt. When that is done he is a voluntary bankrupt, and comes under the general bankruptcy law, except as Subsection (s) has modified it. The main modification is that instead of surrendering all his property at once he may on request keep it upon terms fixed and supervised by the court for three years, with a view of rehabilitating the farmer as such. He is still a bankrupt during the effort at rehabilitation. If he fails to keep the terms or it appears that he will not be able to refinance himself in three years, or if rehabilitation fails because secured creditors pursuing their rights take the farm away, the rehabilitation of course fails, but the farmer is still in voluntary bankruptcy. A secured creditor cannot dismiss the proceeding on motion or set aside the adjudication. His right is, on sufficient grounds, to have his security abandoned to him if there is no equity for the estate, or to have the court sell it for him, or permit him to foreclose. The farmer and his other creditors are entitled to go ahead in bankruptcy on this adjudication, and the bankruptcy case can be dismissed only after notice to creditors. As in the Benno Bartels case, so in this, the secured creditor, while he might have asked a release or a sale of his security by the court for the reasons he urged, had no standing to have the adjudication set aside and the case dismissed.

Nevertheless, in the circumstances here disclosed, this erroneous action did no one any harm. The secured creditor gets opportunity to foreclose on his security. There is no equity in it and no other estate, and no possible benefit to the slight unsecured indebtedness in continuing the bankruptcy. The debtor herself was dead and a discharge would do her no good. While the regular course would have been to abandon the farm to the secured creditor, and to close the estate without a trustee because there are no assets, the course taken accomplishes the same thing. Because no injury was done anyone I concur in affirming the judgment.