## In re WIDDERSHEIM.
### No. 7739.

District Court, E. D. Illinois.
Sept. 8, 1939.

J. E. Dazey, of Findlay, Ill., for debtor.

R. E. Boley, of Olney, Ill., and Mc-Cawley Baird, of East St. Louis, Ill., for objecting creditor Marshall Jorgenson.

WHAM, District Judge.

The above matter is pending before me upon the amended petition of the debtor to be adjudged a bankrupt under the provisions of section 75, subsection s, of the acts of Congress relating to bankruptcy, 11 U.S.C.A. § 203, sub. s. Exceptions to the said amended petition and objections to the allowance thereof have been filed by Marshall Jorgenson, the owner and holder of a note for $560 secured by a first mortgage upon the land of the debtor.

The essential facts in the case appearing from the record and from the sworn exceptions of said secured creditor and sworn answers thereto of the debtor are as follows: On May 22, 1929, Alice Widdersheim, the wife of the debtor, being indebted to said Marshall Jorgenson, gave to him her promissory note in the sum of $560, due five years after date, bearing interest at the rate of six per cent per annum and to secure said note gave a mortgage upon the twenty acres of land then owned by said Alice Widdersheim but now owned, subject to said mortgage, by the debtor. The debtor joined with his wife in the execution of said promissory note as a principal thereon and in the execution of said mortgage. On said mortgage note there has been paid, since its execution, less than $100 and there is now due thereon, including principal and interest, approximately $800.

It further appears that on August 28, 1934, Alice Widdersheim, the debtor joining therein, executed to the debtor a deed conveying the land in question to the debtor, which deed was not filed of record until August 25, 1939.

The debtor and his said wife, Alice Widdersheim, have lived on said land and farmed same at all times since said mortgage was given and are now living thereon.

From debtor's schedules it appears that he had personal property of an estimated value of $96, while the land is estimated to be worth $1,000. In addition to the amount due under the mortgage debtor owes unsecured debts in the approximate sum of $250.

While the matter was pending before the conciliation commissioner on reference under section 75, subsections a to r, 11 U.S.C.A. § 203, subs. a to r, to afford opportunity for debtor to effect a composition or extension of time to pay his debts he filed with the conciliation commissioner in due time his proposal to his creditors, as follows:

"The undersigned, William Widdersheim, petitioner herein, hereby makes the following proposal to his creditors:

"To my secured creditors, I will carry out the terms and conditions of the notes and mortgages due and owing to them at the time of the filing of my Debtor's petition herein, all to be under the order and direction of the Court.

"To my unsecured creditors, I will pay the sum of One Dollar ($1.00) each for a receipt in full for any and all amounts that I may be owing to them at this time."

This proposal was rejected by the creditors, the conciliation commissioner reported the case back to the court and thereupon the amended petition for adjudication now before the court was filed.

Without reciting the contents of the secured debtor's exceptions and objections, it will suffice to say that, standing alone, they present, in my opinion, insufficient grounds for denying the debtor's amended

petition. It is the duty of the court, however, to examine the record to determine whether the debtor has so complied with the letter and spirit of the Act that he may lawfully be adjudicated a bankrupt under section 75, sub. s, as prayed in his amended petition. A serious question is presented as to whether the debtor's proposal to his creditors, above set out, sufficiently complies with the requirements of the Act to permit his adjudication under said section 75, sub. s.

The law is well settled in this circuit and the weight of the law throughout the country seems to be that the benefits of section 75, sub. s, can be obtained only by a debtor who has made a bona fide attempt and offer, but failed, to effect a composition under section 75, subs. a to r. In re Borgelt, D.C.Ill., 10 F.Supp. 113, affirmed in 7 Cir., 79 F.2d 929; In re Buxton's Estate, D.C.Ill., 14 F.Supp. 616; Wright v. Mountain Trust Bank, 300 U.S. 440, footnote 6, page 462, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Gray v. Union Joint Stock Land Bank, 6 Cir., 105 F.2d 275.

In the case of Gray v. Union Joint Stock Land Bank, supra, at page 277, the court said:

"Broadly stated, before a farmer is entitled to an extension under the Act, the following must appear, (1) the debtor must have made a proposal to his creditors which includes (a) an equitable and feasible method of liquidation of the claims of the secured creditors and his own financial rehabilitation, (b) his proposal must be for the best interests of himself and creditors, (c) the proposal must be in good faith. * * *

"The good faith spirit of the Act contemplates that before the debtor is entitled to an extension, he must offer a fair and reasonable method of liquidating his secured indebtedness over the period of extension, which will leave no uncertainties."

In the case of In re Borgelt, 10 F.Supp. 113, 116, the district court said: "The proposal should be sufficiently definite and certain that the creditors may understand what it amounts to."

When the proposal made by the debtor in this case is considered, it immediately appears that it is insufficient by reason of uncertainty and lack of definite meaning. It neither offered a plan for a composition nor for an extension of payment of the debtor's secured debts which was capable of being accepted. The bare offer to the secured creditors "to carry out the terms and conditions of the notes and mortgages due and owing them at the time of the filing of my debtor's petition herein, all to be under the order and direction of the court" was indefinite and meaningless in that it fixed no time or manner of performance and discloses no evidence of capacity to perform. Such offer, unaccompanied by evidence of debtor's ability and readiness to pay immediately the full amount due upon the note and mortgage to the secured creditor, would seem wholly lacking in evidence of good faith. If the debtor intended to put upon the conciliation commissioner the burden of fixing subsequently the time and manner of payment under the offer, that, too, left the proposal meaningless and incapable of being accepted so as to constitute a meeting of minds at the time it was submitted to the secured creditor for acceptance or rejection.

This court has held repeatedly that unless the record of the proceedings before the conciliation commissioner discloses a good faith effort on the part of the debtor to effect a conciliation, it is without lawful authority, under the Act, to grant debtor's amended petition for an adjudication under subsection s. The first essential of such good faith effort is a proposal by the debtor which is definite in its terms and capable of being understood. In re Buxton's Estate, supra.

It cannot be over-emphasized that subsections a to r of section 75 do not constitute a perfunctory preliminary to an adjudication under subsection s. Baxter v. Savings Bank of Utica, N. Y., 5 Cir., 92 F.2d 404; Sheets v. Livy et al., 4 Cir., 97 F.2d 674. A different holding would seem to be a reflection upon the good faith of Congress in enacting those subsections. Congress intended that before a farmer debtor should be eligible to obtain the benefit of the opportunity for rehabilitation under the protection of the court and under the very substantial moratorium afforded by subsection s he should first, earnestly and in good faith, attempt to procure a composition of his debts or an extension of time within which to pay such debts by a conciliatory agreement with his creditors. The basic evidence, without which the court, in considering debtor's amended petition for an adjudication under subsection s, cannot reach a conclusion that the debtor has earnestly and in good faith attempted to

comply with the requirements of subsections a to r, is the exhibition, in writing, of debtor's proposal to his creditors, which proposal must be sufficiently clear and definite in its terms and meaning that its acceptance by the creditors would furnish an understandable basis of settlement. Other evidence of diligence and good faith should appear also but a clear and definite offer must appear. It has failed to appear in this case.

Debtor's amended petition for an adjudication in bankruptcy under subsection s of section 75 is denied. Debtor, if he so desires, may be adjudicated a voluntary bankrupt under the general provisions of the bankruptcy law, under his amended petition, upon payment of any additional fees that may be required by law.